**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 31, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES M. ARMOUR,

Defendant-Appellant.

No. 06-3101
(D.C. No. 05-CR-10187-MLB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **LUCERO**, and **TYMKOVICH**, Circuit Judges.

The government has filed a motion to enforce the plea agreement with defendant James M. Armour. In the agreement, Mr. Armour waived his right to appeal his conviction and sentence on the charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Mr. Armour's attorney responded that he filed a notice of appeal to protect his client's interests pursuant

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to *United States v. Garrett*, 402 F.3d 1262, 1266-67 (10th Cir. 2005) (holding counsel must file a notice of appeal if client requests him to do so, even if client has waived his appellate rights).  Counsel indicated his intent to file an *Anders*[1] brief in the appeal.  Consequently, this court afforded Mr. Armour an opportunity to file an opposition to the government's enforcement motion.  He did not respond.

This court will enforce a criminal defendant's waiver of his right to appeal so long as the following three elements are satisfied:  (1) "the disputed appeal falls within the scope of the waiver of appellate rights," (2) the defendant's waiver of his appellate rights was knowing and voluntary, and (3) enforcing the waiver will not result in a miscarriage of justice.  *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).  We have carefully reviewed the plea agreement and the transcript of the hearing at which Mr. Armour entered his guilty plea.  We conclude that the *Hahn* factors have been satisfied.

Accordingly, we GRANT the government's motion to enforce the plea agreement and DISMISS the appeal.  The mandate shall issue forthwith.

Entered for the Court

Per Curiam

---

[1]     *Anders v. California*, 386 U.S. 738 (1967).