**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 30, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MICHAEL DALE CHRISTIAN,

      Defendant-Appellant.

No. 05-7108
(E.D. Oklahoma)
(D.Ct. No. CIV-05-121-WH)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPLICATION**

---

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Michael Dale Christian, a federal prisoner proceeding *in forma pauperis* (*ifp*), filed a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel. The district court appointed counsel and referred the matter to a magistrate judge for an evidentiary hearing and report and recommendation. After conducting an evidentiary hearing,

the magistrate recommended Christian's motion be denied. The district court agreed.

Christian then filed, *inter alia*, a *pro se* request for a certificate of appealability (COA) and to proceed *ifp* on appeal. In the meantime, his appointed counsel filed a notice of appeal and request to proceed *ifp* on appeal. Because he was represented by counsel, the district court denied Christian's *pro se* motions. However, it granted the motion filed by counsel to proceed *ifp* on appeal.

Subsequently, Christian, still represented by counsel, and the government filed briefs with this Court. However, before Christian may appeal the denial of his § 2255 motion, we must issue a COA.[1] *See* 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b)(1). Therefore, we construe Christian's brief as an application for a COA.[2] Because we conclude Christian has failed to make "a substantial showing of the denial of a constitutional right," *see* 28 U.S.C. § 2253(c)(2), we deny his request for COA and dismiss the application.

## I. Background

On August 1, 2003, Christian was indicted for (1) conspiracy to distribute methamphetamine and marijuana in violation of 21 U.S.C. § 846 (Count I), (2)

---

[1] Christian's brief erroneously states: "An appeal from a final judgment in a § 2255 case is a matter of right." (Appellant's Br. at 1.)

[2] Because the district court never ruled on the COA issue, we deem it denied. *See United States v. Kennedy*, 225 F.3d 1187, 1193 n.3 (10th Cir. 2000) ("Under our Emergency General Order of October 1, 1996, we deem the district court's failure to issue a [COA] within thirty days after filing the notice of appeal as a denial of the certificate.").

possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii) (Count II) and (3) possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii) (Count III). The court appointed Michael McGuire to represent him. On January 9, 2004, Christian pled guilty to Count II. In the plea agreement, he waived his appellate and post-conviction rights but reserved the right to appeal any upward departure or enhancement to his sentence.

Prior to sentencing, the probation department prepared a presentence investigation report (PSR). Based upon the stipulated drug quantities,[3] Christian's base offense level was 30. USSG §2D1.1(a)(3), (c)(5). The probation officer recommended a two-level enhancement for possession of a firearm (USSG §2D1.1(b)), a three-level upward adjustment for his role in the offense (USSG §3B1.1(b)) and a three-level downward adjustment for acceptance of responsibility (USSG §3E1.1), resulting in a total offense level of 32. With a criminal history category of IV, the guideline range of imprisonment was 168 to 210 months. Christian objected to the firearm and role in the offense enhancements. At sentencing, however, he withdrew these objections in exchange for the government agreeing to a reduction of the role in the offense adjustment

_____

[3] In the plea agreement, the parties agreed "that the most readily provable quantity of drugs involved in the count alleged and as relevant conduct from the overall conspiracy is [1] pound of methamphetamine and [136] pounds of marijuana." (Plea Agreement at 12.)

from three levels to two. The court accepted this stipulation, which resulted in a new offense level of 31 and a guideline range of 151 to 188 months imprisonment. The court sentenced Christian to 188 months. Judgment was entered on March 24, 2004. Christian did not file a direct appeal.

On March 18, 2005, Christian filed a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. He alleged his trial counsel was ineffective for failing to (1) appeal the firearm enhancement, (2) file a direct appeal despite being asked to do so, and (3) consult with him about an appeal. The government responded, arguing Christian's § 2255 motion should be summarily dismissed because he waived his right to file a § 2255 motion in the plea agreement. In the alternative, it asserted Christian's trial counsel was not ineffective for failing to file an appeal because all potential appellate issues had been waived prior to sentencing (*i.e.*, by his guilty plea and the withdrawal of his objections to the PSR). The district court concluded an evidentiary hearing was necessary to determine whether Christian requested his attorney to file an appeal. The court appointed counsel to represent Christian and referred the matter to a magistrate judge. *See* Rule 8(b), (c) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

On June 14, 2005, the magistrate judge conducted an evidentiary hearing. On August 29, 2005, the magistrate issued a report and recommendation, recommending denial of Christian's § 2255 motion. As an initial matter, the

-4-

magistrate concluded Christian had not waived his right to bring a § 2255 motion challenging his counsel's failure to file a direct appeal.  Nevertheless, the magistrate determined McGuire was not ineffective for failing to file a direct appeal because he was never asked to file such appeal.  Christian objected to the report and recommendation, arguing the magistrate erred in finding McGuire was never asked to file an appeal.  On September 15, 2005, the district court adopted the magistrate's recommendation and denied relief.[4]

## II.  Discussion

A COA is a jurisdictional pre-requisite to our review.  *Miller-El v.*

---

[4] The magistrate also construed Christian's § 2255 motion as alleging counsel was ineffective for failing to adequately explain (1) the plea agreement, in particular, the waiver of appeal provision, and (2) the consequences of withdrawing his objections to the sentencing enhancements on his right to appeal those enhancements.  As to the former claim, the magistrate found it was "flatly contradicted not only by [McGuire's] testimony, but also by almost everything else appearing of record, *e.g.*, the transcript of the [change of plea hearing], wherein both [McGuire] and the USA discussed the waiver of appeal *in [Christian's presence]*." (R. Vol. I, Doc. 9 at 5.)  Thus, the magistrate recommended it be denied.  It also recommended the latter claim be denied because (1) it was within the scope of Christian's waiver of his right to collaterally attack his sentence and (2) it was contradicted by McGuire's testimony at the evidentiary hearing.  Christian, who was represented by counsel, did not object to these recommendations.  "This court has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *See Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).  "This rule does not apply, however, when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Id.* (quotations omitted).  The second exception has been equated, at least in cases involving *pro se* litigants, with plain error review. *Id.* at 1122.  Neither exception warrants departure from the firm waiver rule in this case.  In any event, we conclude the magistrate properly rejected these claims.  Consequently, to the extent Christian seeks a COA on these issues, we deny it.

*Cockrell,* 537 U.S. 322, 336 (2003). We will issue a COA only if Christian makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotations omitted). Insofar as the district court dismissed his § 2255 motion on procedural grounds, Christian must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In his COA application, Christian argues the district court clearly erred in finding he did not request an appeal because this finding is in direct conflict with the evidence. Because he requested an appeal and McGuire failed to file one, Christian contends he was denied effective assistance of counsel and is entitled to relief.

An ineffective assistance of counsel claim requires a showing that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[A] defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed

deficiently." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). On the other hand, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* In such circumstances, the defendant is entitled to a new appeal, regardless of whether such appeal would have merit. *United States v. Garrett*, 402 F.3d 1262, 1265 (10th Cir. 2005).

Even when a defendant neither instructs counsel to file an appeal nor requests that an appeal not be taken, counsel may be still be ineffective for failing to file an appeal if he did not consult with the defendant about an appeal, *i.e.*, if he failed to "advis[e] the defendant about the advantages and disadvantages of taking an appeal" and "mak[e] a reasonable effort to discover the defendant's wishes." *Flores-Ortega*, 528 U.S. at 478. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. In making this determination, relevant factors include "whether the conviction follows a trial or guilty plea" ("because a guilty plea reduces the scope of potentially appealable issues and . . . may indicate that the defendant seeks an end to judicial proceedings"), "whether the defendant received the sentence bargained for as part of the plea" and "whether the plea expressly

reserved or waived some or all appeal rights." *Id.*

In this case, the magistrate found neither Christian nor his sister requested McGuire to file an appeal. This finding is not clearly erroneous. *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002) ("In reviewing the denial of a § 2255 motion, we review for clear error the district court's factual findings, and we review legal conclusions de novo."). At the evidentiary hearing, Christian's sister testified Christian called her after his sentencing hearing informing her he wanted to talk to McGuire. She called McGuire informing him Christian wished to speak with him about his case. She never testified she informed McGuire that Christian wished to file an appeal. The remaining testimony was conflicting, with Christian stating he informed McGuire he wished to appeal the enhancements to his sentence and McGuire denying ever being asked to file an appeal. The magistrate resolved this conflict against Christian, expressly finding McGuire to be more credible. This finding is entitled to deference. *See Nat'l Refining Co. v. Wagner*, 169 F.2d 43, 45 (10th Cir. 1948) (credibility of witnesses and weight to be given their testimony are questions for the trial court; a trial judge observes the witnesses while testifying and is in a better position to judge their credibility than is this court). It is also supported by objective factors, which the magistrate noted in his report and recommendation, including (1) Christian's faulty recollection of his plea agreement and sentencing (2) his testimony that he did not remember parts of this sentencing and (3) his admission that some of the information he

provided under oath at the change of plea hearing was untruthful. Because Christian never requested an appeal, McGuire was not ineffective for failing to file an appeal.

With regard to the duty to consult, there is no evidence McGuire consulted with Christian about an appeal. Nevertheless, as the district court found, this failure to consult was not unreasonable because there was no duty to consult in this case. Christian's conviction followed a guilty plea and he received the bargained for sentence. Although he reserved the right to appeal the enhancements to his sentence, he effectively waived that reservation by withdrawing his objections to those enhancements in exchange for a "guaranteed" lower sentence. These facts demonstrate McGuire had no reason to believe a rational defendant would want to appeal and more specifically that Christian was interested in appealing his sentence. Because McGuire had no duty to consult with Christian about an appeal, he was not ineffective for failing to do so.

We DENY Christian's request for a COA and DISMISS the application.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge