[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14207
Non-Argument Calendar

_____

D. C. Docket No. 04-08040-CV-2-IPJ-PWG

SAMUEL DEMETRIS BOLTON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 27, 2007)

Before TJOFLAT, CARNES and HULL, Circuit Judges.

PER CURIAM:

Samuel Demetris Bolton, proceeding pro se, appeals the district court's

judgment denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his

sentence for ineffective assistance of counsel. He contends that the district court

abused its discretion in refusing to conduct an evidentiary hearing to resolve the

factual dispute between he and his trial counsel over whether Bolton instructed his

trial counsel to file a notice of appeal before the ten-day deadline for doing so

passed.

Bolton pleaded guilty to being a felon in possession of a firearm in

violation of 18 U.S.C. § 922(g)(1). The plea agreement contained a waiver of both

Bolton's right to appeal the conviction and his right to challenge the sentence,

either through appeal or collateral attack, as long as the sentence imposed was

neither in excess of the statutory maximum nor constituted an upward departure

from the guidelines range. It reserved to Bolton the right to claim ineffective

assistance of counsel in an appeal or post-conviction proceeding.

After conducting a Rule 11 colloquy, the district court accepted Bolton's

plea and found him guilty of the charged offense. Over the objection of Bolton's

counsel, the district court applied the Armed Career Criminal provision and

sentenced Bolton to 200 months imprisonment. The sentence was pronounced and

final judgment based on it was entered on December 18, 2003. No notice of appeal was filed on Bolton's behalf within ten days thereafter.

Three months later Bolton filed a pro se notice of appeal and moved the district court to allow him to proceed in forma pauperis and to appoint him counsel. Because Bolton's filing came outside the ten-day period for filing a notice of appeal, the district court denied his motions. Bolton attempted to appeal the denial of those motions to this Court, but we dismissed his appeal for lack of jurisdiction. Bolton then filed the § 2255 motion that is at issue here. The district court granted summary judgment in favor of the government and denied the § 2255 motion without granting Bolton the evidentiary hearing he requested. This is Bolton's appeal from the judgment entered after that denial.

Bolton claims here, as he did in the district court, that immediately after sentencing he asked his trial counsel, Kelvin Davis, to file an appeal of his sentence. In support of this assertion, Bolton offered the affidavits of three individuals who attested that on December 19, 2003, at the federal courthouse where Bolton had been sentenced, they witnessed Bolton ask Davis to file an appeal. Although two of the affidavits were not properly notarized, the third one was and all three say the same thing.

3

The district court pointed out that the December 19th date is problematic because Bolton was sentenced the day before, and the record does not indicate that Bolton and Davis had any reason to be at the courthouse on the 19th. Problematic or not, we are required to construe the evidence in the light most favorable to Bolton as the non-moving party. Heath v. Jones, 863 F.2d 815, 819 (11th Cir. 1989) (noting in the context of a habeas petition that "[t]he court is required to draw all permissible inference against the party moving for summary judgment). We must, therefore, take it as true for present purposes that on December 19, 2003, the day after he was sentenced, Bolton asked Davis to file an appeal.

In an affidavit from attorney Davis, which was filed in the district court, he states that Bolton never instructed him to file an appeal. Instead, Davis states that Bolton called him "sometime after the sentencing" (the exact timing is not clear from the affidavit or anywhere else in the record) and asked "generally" about his chances on appeal. Davis also states in the affidavit that he told Bolton that because of the appellate waiver in the plea agreement, there were no obvious grounds for appeal, but that he could seek alternate counsel and file an ineffective assistance claim if he felt the need.

The district court denied Bolton's § 2255 motion without an evidentiary hearing because it believe that the affidavits filed on Bolton's behalf could be

4

reconciled with Davis' affidavit. Although no affidavit laid out the facts like this, the district court speculated that Bolton could have made an initial inquiry of Davis soon after sentencing and then called Davis later to get a better idea of his likelihood of prevailing on appeal. The later telephone conversation, the district court speculated, could have negated Bolton's prior appeal request. The court further speculated that the phone conversation took place during the ten-day appeal window, thereby countermanding Bolton's prior instructions to file an appeal. This is too speculative a basis for denying an evidentiary hearing. Besides, the court's theory does not reconcile the warring affidavits, because the last sentence of Davis' affidavit emphatically states that "Bolton never instructed the undersigned to file an appeal on his behalf." Davis has never stated that Bolton initially instructed him to file an appeal but then countermanded that instruction within the ten-day period for filing one. The affidavits cannot be reconciled. An evidentiary hearing is necessary in order for the district court to find the facts and resolve Bolton's § 2255 motion accordingly.

An evidentiary hearing is necessary to determine whether Bolton is entitled to an out-of-time appeal. We have held "that a lawyer who disregards instructions from his client to appeal has acted 'in a manner that is professionally unreasonable.'" Gomez-Diaz v. United States, 433 F.3d 788, 789 (11th Cir. 2005)

5

(quoting Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S. Ct. 1029, 1035 (2000)). In that situation the petitioner does not have to establish prejudice beyond showing that but for counsel's deficient conduct he would have appealed. Id. at 792–93; Flores-Ortega, 528 U.S. at 486, 120 S. Ct. at 1040 ("[I]t is unfair to require an indigent, perhaps pro se, defendant to demonstrate that his hypothetical appeal might have had merit . . . . Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed."). And the appeal waiver does not establish an absence of prejudice for ineffective assistance purposes. See Gomez-Diaz, 433 F.3d at 793 (favorably citing United States v. Garrett, 402 F.3d 1262, 1266–67 (10th Cir. 2005) (holding that although the defendant's "appellate rights have been significantly limited by his waiver, . . . the waiver does not foreclose all appellate review of his sentence. If [the defendant] actually asked counsel to perfect an appeal, and counsel ignored the request, he will be entitled to a delayed appeal. This is true regardless of whether, from the limited perspective of collateral review, it appears that the appeal will not have any merit." (internal citations omitted))).

Of course, if Bolton's version of events is credited by the district court after an evidentiary hearing, and he is granted an out-of-time appeal, the appeal may be subject to dismissal because of the waiver, depending on the issues that are raised,

6

but that is a matter for another day.  For now it is enough to conclude, as we do, that the district court must conduct an evidentiary hearing to find the facts concerning the failure of trial counsel to file a notice of appeal, and based on those findings decide whether to grant the § 2255 motion.

Accordingly, we vacate the district court's dismissal of Bolton's § 2255 motion and remand for an evidentiary hearing and further proceedings consistent with this opinion.

**VACATED AND REMANDED.**