**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 11, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ROBBY JOE LAUER,

      Defendant-Appellant.

No. 06-6318

(D.C. Nos. CIV-06-331-HE and
CR-04-206-HE)

(W. D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

ordered submitted without oral argument.

Robby Joe Lauer, a federal prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion to

vacate, set aside, or correct his sentence. In his § 2255 motion, Lauer alleged, in pertinent

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

part, that his trial counsel was ineffective for failing to file an appeal at Lauer's request. The district court dismissed Lauer's § 2255 motion on the ground that Lauer had waived his right to appeal or collaterally attack his conviction and sentence. Because we conclude this ruling was erroneous, we grant Lauer's request for a COA and his motion to proceed in forma pauperis, vacate the judgment of the district court, and remand for further proceedings.

## I.

On November 16, 2005, Lauer was indicted by a federal grand jury on ten criminal counts involving drug-trafficking. On February 9, 2005, Lauer, pursuant to a written plea agreement, pled guilty to one count of distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Under the terms of the plea agreement, Lauer agreed to waive his right to appeal or collaterally challenge his conviction and sentence, except in the event he received a sentence above the advisory sentencing guideline range, or in the event of a post-plea-agreement change in the law deemed by this court or the United States Supreme Court to have retroactive effect. On May 23, 2005, Lauer was sentenced to a term of imprisonment of 188 months, to be followed by three years of supervised release. Judgment was entered in his case the following day, May 24, 2005. Lauer did not file a direct appeal.

On March 29, 2006, Lauer, appearing pro se, filed a § 2255 motion alleging, under penalty of perjury, that he "asked his counsel to file a notice of appeal and counsel agreed to this request," but that his counsel ultimately "failed to file the requested Notice."

Motion at 2. In his accompanying memorandum, Lauer asserted two issues: (1) that his guilty plea was unknowing and involuntary because it was based on a misrepresentation by his counsel that his sentence would be no more than eight or nine years; and (2) that his counsel was ineffective for failing to file a notice of appeal when asked to do so. The government responded by moving to enforce the terms of the plea agreement. On September 14, 2006, the district court granted the government's motion and denied Lauer's § 2255 motion, concluding that Lauer's claims were "barred by the waiver on collateral attacks contained in the plea agreement . . . ." Order at 7. On October 11, 2006, the district court denied Lauer's request for a COA. Lauer has since renewed his request for a COA with this court.

## II.

The Antiterrorism and Effective Death Penalty Act conditions Lauer's right to appeal under § 2255 on our grant of a COA. 28 U.S.C. § 2253(c)(2). A COA may issue only if Lauer can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). For the reasons discussed below, we conclude Lauer has satisfied this standard and is entitled to further proceedings on his § 2255 motion.

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the United States Supreme Court reiterated its long-held rule "that a lawyer who disregards specific instructions from the

-3-

defendant to file a notice of appeal acts in a manner that is professionally unreasonable."

Id. at 477. The Court further held that, under such circumstances, the defendant is

effectively denied assistance of counsel and, thus, no specific showing of prejudice is

required. Id. at 483-84. In other words, the Court held, the defendant is entitled to a new

appeal under these circumstances and is not required to show that the appeal would likely

succeed. Id. at 484, 486.

This court has since published two decisions applying Flores-Ortega that are

relevant to Lauer's case. In United States v. Snitz, 342 F.3d 1154, 1155-59 (10th Cir.

2003), this court held that a defendant is entitled to an appeal if he told his counsel that he

wanted to appeal, even if counsel argued that the appeal lacked merit. In United States v.

Garrett, 402 F.3d 1262, 1265-66 (10th Cir. 2005), this court, under circumstances

strikingly similar to those presented by Lauer, held that even though the defendant's

appellate rights had been "significantly limited by his waiver" of such rights in his plea

agreement, "the waiver d[id] not foreclose all appellate review of his sentence." Id. at

1266-67. Thus, this court held, if the defendant "actually asked counsel to perfect an

appeal, and counsel ignored the request, he w[ould] be entitled to a delayed appeal,"

"regardless of whether, from the limited perspective of collateral review, it appears that

the appeal will not have any merit."[1] Id. at 1267. Accordingly, this court reversed the

---

[1] The court did note, however, that "[a]ny resulting criminal appeal w[ould] initially be evaluated under the summary procedure and analysis described in" United States v. Hahn, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc), for appeals brought by defendants who have waived their right to appeal. Garrett, 402 F.3d at 1267.

district court's denial of the defendant's § 2255 motion and remanded "for a hearing to determine whether [the defendant] requested counsel to file a notice of appeal." Id. We conclude the same course should be followed here.

In light of Flores-Ortega, Snitz, and Garrett, it is clear that if Lauer "actually asked counsel to perfect an appeal, and counsel ignored the request," Lauer would be "entitled to a delayed appeal." Id. Therefore, we conclude it is necessary to reverse the decision of the district court and remand the case "for a hearing to determine whether [Lauer] requested counsel to file a notice of appeal." Id. Whether Lauer's direct appeal, if then permitted, would fall within his waiver of appellate rights remains an open question.

Lauer's request for a COA is GRANTED, as is his motion to proceed in forma pauperis, the judgment of the district court is VACATED, and the case REMANDED to the district court for further proceedings.

Entered for the Court

Mary Beck Briscoe
Circuit Judge