**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee.

v.

LESTER EUGENE FOWLER,

      Defendant-Appellant.

No. 12-1398
(D.C. No. 1:10-CR-00311-DME-1 and
1:11-CV-01536-DME)
(D. Colo.)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Lester Eugene Fowler, a federal prisoner proceeding *in forma pauperis*, wants to

appeal from the denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his

sentence. His petition is based upon alleged ineffectiveness of trial counsel. Principally,

he claims counsel failed to file an appeal as he requested. After a hearing the district

judge, crediting the testimony of trial counsel over that of Fowler, found the evidence

insufficient to support Fowler's claim to have requested an appeal and denied the motion.

No request for a Certificate of Appealability (COA) was made to the district judge.

Instead, Fowler's appointed counsel filed a notice of appeal with the district court and an

*Anders* brief with this Court, which we deem an application for a COA.[1] *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1) & (2). Because Fowler has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a COA.

Under a plea agreement, Fowler pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a) and the government agreed to drop four other charges. The plea agreement contemplated a recommended guideline sentence of 51-63 months imprisonment, but explicitly stated the computation was tentative and could change upon subsequent information. The pre-sentence investigation uncovered an additional conviction for misdemeanor shoplifting, which increased Fowler's recommended sentence to 63-78 months imprisonment. He was sentenced to 70 months imprisonment. No direct appeal was taken.

Fowler, proceeding pro se, filed a § 2255 motion raising two claims of ineffective of assistance of counsel. He claims his trial attorney was ineffective for failing to challenge the consideration of the additional conviction because he was not represented by counsel when he pled guilty. He also claims his counsel ignored his request to file an appeal on this issue.

---

[1] "A request [for a COA] addressed to the court of appeals may be considered by a circuit judge or judges, as the court prescribes. If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Fed. R. App. P. 22(b)(2).

The district judge determined Fowler's unrepresented conviction could be considered for sentencing purposes. *See United States v. Jackson*, 493 F.3d 1179, 1187 (10th Cir. 2007) (when the right to counsel was not afforded in a misdemeanor state conviction, the district court must disregard any jail sentence, but is "free to consider the conviction itself and accompanying fine in assessing an appropriately tailored sentence" in a subsequent federal conviction). Counsel was not ineffective for failing to object.

However, the judge appointed counsel for Fowler and held an evidentiary hearing to determine whether Fowler had requested an appeal, as he swore in his affidavit, or whether he specifically said he did not want to appeal, as his trial attorney averred.[2] The judge found the testimony of trial counsel to be credible and concluded Fowler's evidence failed to prove he requested an appeal.

Fowler's appointed § 2255 counsel filed an *Anders* brief.[3] Although twice given notice and an opportunity to respond to the *Anders* brief, Fowler did not. The government did not file a brief.

---

[2] An ineffective assistance of counsel claim based on the failure to file a requested appeal is governed by the Supreme Court's decision in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). "[A] lawyer who fails to follow a defendant's express instructions to file a notice of appeal acts in a manner that is professionally unreasonable." *United States v. Garrett*, 402 F.3d 1262, 1265 (10th Cir. 2005) (citing *Roe*, 528 U.S. at 477-78). "And, if counsel does not 'file a requested appeal, a defendant is entitled to [a new] appeal without a showing that his appeal likely would have had merit.'" *Id*. (quoting *Roe*, 528 U.S. at 477).

[3] In *Anders*, the Supreme Court held that if appointed counsel "finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Anders v. California,* 386 U.S. 738, 744 (1967). Counsel must submit to the court a brief "referring to anything in the record that might arguably support the appeal." *Id.* When counsel submits an *Anders* brief accompanied

A COA is a jurisdictional pre-requisite to our review. *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003). One may issue only if Fowler makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotation marks omitted). We review the district judge's factual findings for clear error and its legal conclusions *de novo. English v. Cody,* 241 F.3d 1279, 1282 (10th Cir. 2001).

As required by *Anders,* we have conducted a full examination of the record. *See Anders,* 386 U.S. at 744. It fully supports the judge's factual findings and legal conclusions. As the propriety of the decision is not reasonably debatable, a COA may not issue. *Slack,* 529 U.S. at 484.

We **DENY** a COA and **DISMISS** the application.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

by a motion to withdraw, we "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). If we concur in counsel's evaluation of the case, we may grant the request to withdraw and dismiss the appeal. *Anders*, 386 U.S. at 744.