FILED
**United States Court of Appeals**
**Tenth Circuit**

**September 4, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DEJUAN LESHAE HILL,

    Defendant - Appellant.

No. 17-5106
(D.C. Nos. 4:16-CV-00310-JHP-FHM and
4:12-CR-00050-JHP-9)
(N.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Defendant DeJuan Leshae Hill seeks a certificate of appealability (COA) to appeal the dismissal by the United States District Court for the Northern District of Oklahoma of his motion for relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring a COA to appeal denial of a § 2255 motion). We deny a COA and dismiss the appeal.

On February 15, 2013, a jury found Defendant guilty of conspiring to obstruct, delay, or affect commerce by robbery, *see* 18 U.S.C. § 1951; obstructing, delaying, and affecting commerce by robbing a branch of Arvest Bank, *see id.*; and possessing a firearm in furtherance of the Arvest Bank robbery, *see* 18 U.S.C. § 924(c)(1)(A). The court sentenced him to 162 months' imprisonment. After this court affirmed his conviction in May 2015, *see United States v. Hill*, 786 F.3d 1254, 1257 (10th Cir. 2015),

Defendant filed his § 2255 motion in May 2016. The district court denied the motion and a COA.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* In reviewing the denial of a § 2255 motion, "we review the district court's legal rulings de novo and its findings of fact for clear error." *United States v. Garrett*, 402 F.3d 1262, 1264 (10th Cir. 2005).

Defendant's four claims on appeal assert ineffective assistance of counsel. To prevail on such claims, he must show both that his counsel's performance was deficient—"that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"—and that "the deficient performance prejudiced [his] defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In doing this analysis, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). Further, to establish that a defendant was prejudiced by counsel's deficient

performance, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. "Failure to make the required showing of *either* deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id.* at 700 (emphasis added).

Defendant first argues that he received ineffective assistance because his counsel, at trial and on direct appeal, failed to "move[] for a judgment of acquittal on the basis that the government never proved there was an agreement between alleged co-conspirators." Aplt. Br. at 11 (capitalization omitted). He misstates the facts. As the district court noted, his counsel at trial and on appeal both made this sufficiency-of-the-evidence argument.

Defendant next argues that he received ineffective assistance at trial because his trial counsel failed to object to (1) "improper prosecutorial comments during closing arguments" and (2) "the use of photo charts that were not submitted as evidence during the trial." Aplt. Br. at 13 (capitalization omitted). The closing-argument issue concerns a prosecutor's incorrect statement during closing that a police officer saw Defendant come out of a particular house under observation. But as the district court noted, and Defendant does not contest, defense counsel promptly pointed out the error at closing and the prosecution then corrected the error for the jury as well. The district court concluded Defendant was therefore not prejudiced by any failure of his trial counsel to object.

3

Defendant's photo-chart argument is that his trial counsel should have objected to a compilation of photos the prosecution used as a demonstrative exhibit that was not admitted as evidence. He complains that the photos had not previously been shown to defense counsel. He contests the district court's statement that "[i]t is clear from the [trial] transcript that [defense] counsel had obtained in discovery every photograph which was utilized by the government in its demonstrative aids." R. at 171. But he fails to show that the court's finding was clearly erroneous. Defendant's purportedly discrediting affidavit sheds no light on whether defense counsel had reviewed the relevant photos.

Defendant's third ground on appeal is that his counsel provided ineffective assistance by failing to argue that the insufficiency of the prosecution's evidence violated the Administrative Procedure Act (APA). But he does not, and could not, explain how the APA has any bearing on criminal trials.

Finally, Defendant argues that his trial counsel provided ineffective assistance by not calling an expert witness to challenge government expert testimony that Defendant was a certified member of the 27th St. Hoovers gang. But as the district court pointed out, to establish prejudice from counsel's decision not to call an expert witness, a defendant must identify what his proposed expert would have testified to. *See Boyle v. McKune*, 544 F.3d 1132, 1138–39 (10th Cir. 2008). Defendant has not done so here.

No reasonable jurist could debate the district court's resolution of Defendant's ineffective-assistance claims.

4

We **DENY** a COA and **DISMISS** the appeal. We **GRANT** Defendant's motion for leave to proceed *in forma pauperis*.

Entered for the Court


Harris L Hartz
Circuit Judge
