**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 6 2005**

**PATRICK FISHER**
**Clerk**

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DELMAR DELANO GARRETT, JR.,

      Defendant-Appellant.

No. 03-6176

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 02-CV-36-R)**

---

Submitted on the briefs:

Delmar Delano Garrett, Jr., pro se.

Robert G. McCampbell, United States Attorney; Kim Kakish, Assistant United States Attorney, Office of the United States Attorney, Oklahoma City, Oklahoma, for Appellee.

---

Before **LUCERO**, **McKAY**, **PORFILIO**, Circuit Judges.

---

**McKAY**, Circuit Judge.

Defendant-appellant Delmar Garrett, proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We vacate the district court's order and remand for further proceedings to resolve the factual issue of whether Mr. Garrett had requested his attorney to file a notice of appeal. If he actually made such a request and counsel disregarded it, Supreme Court and Tenth Circuit authority dictates that he is entitled to a delayed direct appeal of his criminal sentence. [1]

## I. Procedural and Factual Background

Mr. Garrett, along with twelve co-defendants, was indicted for participation in a drug conspiracy. He entered a plea of guilty to possession with intent to distribute cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). Under the agreement, Mr. Garrett waived his right to appeal or collaterally challenge his sentence, except in limited circumstances. [2] In exchange for Mr. Garrett's plea,

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2] The pertinent provision of the plea agreement states:

> [Mr. Garrett], in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to appeal or collaterally challenge:
>
> a. Defendant's guilty plea and any other aspects of his conviction. . . .

<span style="float:right">(continued...)</span>

the government agreed to dismiss the other three charges made in the indictment

against him. At the plea hearing, Mr. Garrett affirmed his understanding of the

consequences of his plea, including the waiver of the right to appeal. He agreed

that the plea was made voluntarily and said that he was satisfied with the services

of his attorney.

According to the Presentence Report (PSR), the guideline range for

Mr. Garrett's sentence was 360 months to life. The government moved for a

downward departure for providing substantial assistance to authorities pursuant to

USSG § 5K1.1. At the sentencing hearing, Mr. Garrett withdrew his previously

---

[2](...continued)

| | |
|---|---|
| b. | Defendant's sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the applicable guideline range determined by the Court to apply to this case, even if the Court rejects one or more of the positions of the United States or the defendant . . . concerning the application of the U.S. Sentencing Guidelines; provided that (i) defendant specifically does not waive the right to appeal an upward departure from the sentencing guideline range determined by the Court to apply to this case, and (ii) his waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on changes in the law reflected in Tenth Circuit or Supreme Court cases decided after the date of this agreement which are held by the Tenth Circuit or Supreme Court to have retroactive effect. |

R., Doc. 403, at 8-9.

filed objections to the PSR findings. The district court imposed a sentence of 220 months' imprisonment, giving him "a significant departure downward," attributable to Mr. Garrett's cooperation. Sentencing Tr. at 7. There was no direct criminal appeal.

A year later, Mr. Garrett filed a § 2255 motion asserting that counsel was ineffective for failing to advise him on the consequences of his plea, failing to maintain his objections to the PSR calculation, and failing to file an appeal. He claimed that he had specifically requested his attorney to file a notice of appeal, but the attorney "refused to do so." R., doc. 761, at 2. The government provided an affidavit from Mr. Garrett's attorney with a different version of the parties' discussion. The attorney averred that, in relation to the plea agreement, he advised Mr. Garrett that he was waiving his right to appeal except under "very limited circumstances" and that the waiver "was a part of the plea agreement package." *Id.*, doc. 789, ex. A at 1. According to the attorney, Mr. Garrett had not asked to appeal his sentence; he asked *whether he could* appeal. The attorney's "response was 'No,' due to the fact that [Mr. Garrett] had waived his right to a direct appeal in his plea agreement." *Id.*

The district court determined that Mr. Garrett's § 2255 motion could be decided without engaging in factfinding on the question of whether Mr. Garrett had asked the attorney file a notice of appeal. The court concluded that, in any

-4-

case, the attorney "cannot be faulted for failing to file a notice of appeal when his client had expressly waived his appellate rights." *Id.*, doc. 835, at 5. The court therefore denied Mr. Garrett's motion and request for a certificate of appealability (COA).

On Mr. Garrett's renewed request in this court, we granted COA on the issue of "[w]hether counsel for defendant was ineffective for failing to file a Notice of Appeal where defendant had knowingly and willingly waived his right to appeal in a plea agreement." 10th Cir. Order filed Feb. 27, 2004. In resolving this query, we review the district court's legal rulings de novo and its findings of fact for clear error. *United States v. Cockerham,* 237 F.3d 1179, 1181 (10th Cir. 2001). [3]

## II.    Legal Discussion

The COA question incorporates two themes previously addressed by the Supreme Court and this court. The first theme concerns the duty of counsel to perfect an appeal of a criminal conviction. *See Roe v. Flores-Ortega*, 528 U.S.

---

[3]      Though the COA order specified the issue on which defendant "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c), the government's brief failed to respond to this court's question. Indeed, the government substituted its own ipse dixit for legal analysis: "counsel did not render ineffective assistance by failing to file a notice of appeal because the Defendant effectively waived his right to appeal." Aplee. Br. at 8. Counsel's disregard of the COA issue undermines the proper functioning of the appellate process and we do not condone it.

470 (2000); *United States v. Snitz,* 342 F.3d 1154 (10th Cir. 2003). The second involves the analysis and procedure for appeals brought by defendants who have waived their appellate rights in a plea agreement. *See United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Taken together, the holdings of these three cases point the way to the proper resolution of the COA question.

## A.     Duty of Counsel to File a Notice of Appeal

The Supreme Court has provided bright-line rules for evaluating an ineffective-assistance claim based on the performance of an attorney who has consulted with a criminal defendant about an appeal. *Roe v. Flores-Ortega*, 528 U.S. 477-78. [4] A defendant who explicitly instructs his attorney " *not* to file an appeal cannot later complain that, by following his instructions, his counsel performed deficiently." *Id.* at 477. On the other hand, a lawyer who fails to follow a defendant's express instructions to file a notice of appeal acts in a

---

[4]     We note that the per se rules are applicable only when "counsel in fact consulted with the defendant about an appeal." *Flores-Ortega*, 528 U.S. at 478. In this context, the term "'consult'" is used "to convey a specific meaning – advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* In the absence of a consultation, the question becomes whether the "failure to consult with the defendant itself constitutes deficient performance." *Id.* This subsidiary issue is analyzed under an adaptation of the two-pronged test described in *Strickland v. Washington*, 466 U.S. 668, 687-89 (1984). *Flores-Ortega*, 528 U.S. at 479.

manner that is professionally unreasonable." *Id.* at 477-78. And, if counsel does not "file a requested appeal, a defendant is entitled to [a new] appeal without a showing that his appeal likely would have had merit.'" *Id.* at 477 (quoting *Peguero v. United States*, 526 U.S. 23, 28 (1999)).

We applied the above rules in *Snitz,* a pro se § 2255 case brought by a federal prisoner who alleged that his counsel had failed to pursue the direct appeal he had requested. 342 F.3d at 1155. The district court denied defendant's motion, on the basis that the defendant would not have won on either of the two arguments he wished to present on appeal. *Id.* at 1156. This court observed, however, that the Supreme Court has "recognized repeatedly . . . that a lawyer who disregards specific instructions to perfect a criminal appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial." *Id.* at 1155-56; *see also id.* at 1157 (stating that "when courts find that a requested appeal has not been taken, *they do not consider the merits of arguments that the defendant might have made on appeal*") (quotations omitted).

We also discussed the basic principle that, unless a defendant elects to proceed pro se, "every direct criminal appeal must be briefed on the merits by counsel and decided accordingly by the court unless, after thorough review of all pertinent proceedings, the appeal is determined initially by counsel and then independently by the court to be wholly frivolous." *Id.* at 1157. A court "may

-7-

not allow an attorney to withdraw until it satisfies itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal." *Id*. at 1158 (internal quotation marks and brackets omitted).

In sum, we concluded that the district court's approach was "not only foreclosed as a matter of specific precedent," it was also "contrary to broader values embodied in and implemented by the criminal appellate process." *Id.* at 1156. Allowing the defendant to proceed in spite of unpersuasive pro se arguments is not "a matter of formalistic compliance with a technical rule merely postponing the inevitable denial of relief on the merits." *Id.* at 1157. Rather, it serves to "safeguard[] important interests with concrete and potentially dispositive consequences which can be guaranteed only by the direct-appeal process and the concomitant right to counsel." *Id.*

**B.      Appeals by defendants who have waived their appellate rights**

"Given the importance of plea bargaining to the criminal justice system, we generally enforce plea agreements and their concomitant waivers of appellate rights." *Hahn*, 359 F.3d at 1318. "Nevertheless . . . , a defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court. *Id.* (quotation omitted). To meet the two "competing goals" of enforcing plea agreements and "subject[ing] sentencing decisions to

review for miscarriages of justice," we have settled upon the following analysis and procedure to deal with a defendant who has waived the right to appeal his sentencing decision. *Id.*

Before considering such a defendant's appellate arguments, we apply a three-prong enforcement test. The court of appeals determines: (1) whether the disputed appeal falls within the scope of defendant's waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. *Id*. at 1325. "If the panel finds that the plea agreement is enforceable, it will summarily dismiss the appeal" without considering its underlying merits. *Id*. at 1328. A summary and efficient dismissal of a waived appeal "preserve[s] the benefit of the government's bargain." *Id.*

## III. Application to Mr. Garrett's § 2255 motion

Here, Mr. Garrett signed a plea agreement waiving many of his appellate rights.[5] The present record shows that he and his attorney consulted about the

---

[5] Mr. Garrett's plea agreement also provided for a waiver of his right to collaterally challenge his guilty plea or sentence. The government has not argued that this waiver bars a § 2255 motion based on counsel's failure to file a requested appeal. Further, the plain language of the waiver does not address the type of claim he has raised. *United States v. Anderson,* 374 F.3d 955, 957 (10th Cir. 2004) (stating that "we will strictly construe appeal waivers and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights").

possibility of an appeal of his sentence. The two parties, however, recount different versions of their discussion. Mr. Garrett asserts that he requested his attorney to file a notice of appeal; his attorney claims that Mr. Garrett did not explicitly ask for an appeal.

The district court decided that a resolution of this factual dispute was unnecessary because "[m]ost courts . . . have held that a defense attorney does not render ineffective assistance by failing to file a notice of appeal where the defendant has effectively waived his right to appeal." R., Doc. 835, at 4 & n.4. This proposition cannot be reconciled with the Supreme Court's holding in *Flores-Ortega* and this court's statements in *Snitz*.[6] In fact, whether or not Mr. Garrett instructed his attorney to file a notice of appeal is the crux of his § 2255 case.

Mr. Garrett's appellate rights have been significantly limited by his waiver, but the waiver does not foreclose all appellate review of his sentence. *See Hahn*, 359 F.3d at 1318. If Mr. Garrett actually asked counsel to perfect an appeal, and counsel ignored the request, he will be entitled to a delayed appeal. *See Snitz*, 342 F.3d at 1157. This is true regardless of whether, from the limited

---

[6] The district court's ruling was entered after the Supreme Court announced *Flores-Ortega*, but before this court issued either *Snitz* or *Hahn*. For its conclusion, the court cited several unpublished cases from other circuit courts of appeal and district courts, many of which were decided without the guidance of *Flores-Ortega*.

perspective of collateral review, it appears that the appeal will not have any merit. *Flores-Ortega*, 528 U.S. at 477, 484-85; *Snitz*, 342 F.3d at 1155-56. Any resulting criminal appeal will initially be evaluated under the summary procedure and analysis described in *Hahn*, 359 F.3d at 1328. [7]

We vacate the district court's order and remand this case for a hearing to determine whether Mr. Garrett requested counsel to file a notice of appeal. Mr. Garrett's motion for leave to proceed in forma pauperis is GRANTED, as is the government's motion to supplement the record on appeal.

---

[7] Our holding is limited to the issue of Mr. Garrett's possible entitlement to a direct appeal based on his claim that counsel failed to file a requested appeal. We do not consider any of the remaining issues he asserts in this matter. *See Fields v. Gibson,* 277 F.3d 1203, 1216 n.8 (10th Cir. 2002).