**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 10, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE MACIAS,

Defendant - Appellant.

No. 06-3232

D. Kansas

(D.C. Nos. 04-CV-3051-JAR &
02-CR-40089-JAR)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Jose Macias, a federal prisoner proceeding *in forma pauperis* (*ifp*), filed a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of trial counsel. After appointing counsel and holding an evidentiary hearing, the district court denied the motion. It also denied Macias' subsequent request for a certificate of appealability (COA).

Macias, still represented by counsel, has renewed his request for a COA in this Court. Because Macias failed to make "a substantial showing of the denial of a constitutional right," *see* 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss the application.

## I. Background

On July 17, 2002, Macias was indicted for (1) possession of approximately 503 grams of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (Count I), (2) possession of three firearms in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) (Count II), (3) possession of approximately five kilograms of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (Count III), (4) possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A), (C) (Count IV) and (5) possession of a firearm with a removed, obliterated or altered serial number in violation of 18 U.S.C. § 922(k) (Count V). Macias retained Henry Boaten to represent him. On November 4, 2002, he pled guilty to Counts I-III and V. By accepting a plea agreement and pleading guilty, Macias avoided the possibility of a mandatory consecutive 25 year sentence on Count IV. *See* 18 U.S.C. § 924(c)(1)(C).

According to the plea agreement, in exchange for Macias' guilty plea to Counts I-III and V, the government agreed to recommend a three-level downward adjustment for acceptance of responsibility. This obligation was contingent on

Macias' "continuing manifestation of acceptance of responsibility."[1] (R. Vol. 1, Doc. 31, Plea Agreement at 3.) The government also agreed not to seek an upward departure. For his part, Macias agreed not to file a motion for downward departure. He also waived his appellate and post-conviction rights but reserved the right to appeal, directly or collaterally, "(1) an upward departure by the sentencing judge; (2) a sentence in excess of the statutory maximum; or (3) a sentence in violation of law apart from the Sentencing Guidelines." (*Id.* at 5.)

A presentence investigation report (PSR) was prepared.[2] Based upon 1,007.81 kilograms of marijuana equivalent, Macias' base offense level was 32. *See* USSG §2D1.1(a)(3), (c)(4). The probation officer recommended a two-level enhancement for possession of a firearm (USSG §2D1.1(b)(1)) and a three-level downward adjustment for acceptance of responsibility (USSG §3E1.1), resulting

---

[1] Specifically, the plea agreement provided:

> The Government will recommend that defendant receive a three-level adjustment for acceptance of responsibility; however, the government's obligation to recommend acceptance of responsibility pursuant to this plea agreement is contingent upon the defendant's continuing manifestation of acceptance of responsibility. Should the defendant deny his involvement, give conflicting statements as to his involvement or engage in additional criminal conduct, including, but not limited to, personal use of a controlled substance, the government shall not be bound to recommend acceptance of responsibility.

(R. Vol. 1, Doc. 31, Plea Agreement at 3.)

[2] Because Macias was sentenced pursuant to the 2002 edition of the United States Sentencing Guidelines Manual, all guideline citations refer to the 2002 edition, unless otherwise indicated.

in a total offense level of 31. With a criminal history category of I, the guideline range of imprisonment on Counts I, III and V was 108-135 months. However, the guideline range for Counts III and V was limited to 60 months, the statutory maximum. The guideline range for Count II was 60 months (the statutory minimum), to run consecutive to the terms of imprisonment imposed on Counts I, III and V. *See* USSG §2K2.4(b).

The government objected to the three-level downward adjustment for acceptance of responsibility, arguing *inter alia* Macias' statement regarding acceptance of responsibility minimized his conduct and failed to address the elements of the crimes to which he pled guilty. While Macias' statement admitted he kept a bag of methamphetamine for someone else and officers found drugs and guns in his house, it did not admit he possessed (1) any of the drugs with intent to distribute, (2) any of the firearms in furtherance of a drug-trafficking offense or (3) a firearm with an obliterated serial number.[3] Macias

---

[3] Specifically, Macias' attorney provided the following written statement to the probation officer:

> I have lived at 1801 S.E. Hudson for about two months before the arrest. The house was rented to me by Antonio Beltran. Earlier on July 12, 2002, an individual by the name of "Cholo" or Martin, brought a black duffel or gym bag containing the controlled substance for me to keep. He was supposed to come back and pick it up.
>
> On or about 19th and Hudson I was stopped by Topeka Police Officers who inquired about drugs in the vehicle I was driving. I told them there were two joints in the ashtray. The officers seized the drugs and escorted me back to my house where police officers conducted a search

responded, arguing he pled guilty to the elements of his offenses at the change of plea hearing, his statement to the probation officer was clear and unequivocal in that he admitted to possessing the drugs and weapons which formed the basis for the charges against him and the fact he did not elaborate on the facts in his statement did not mean he was not accepting responsibility for his actions.[4]

Macias also moved, despite recognizing his plea agreement obligation not

and found additional drugs and weapons.

(R. Vol. 6 at 9 (quotations omitted).)

[4] In his COA application to this Court, Macias suggests, without raising it as an issue, that the government's failure to recommend an adjustment for acceptance of responsibility constituted a breach of the plea agreement. Macias never raised this issue with the district court, even as a basis for an ineffective assistance of counsel claim, and does not specifically raise it as an issue in his present request for a COA. Therefore, we need not consider it. *Perry v. Woodward*, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999); *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 720 (10th Cir. 1993). Were we to address the issue, we would find no breach.

To determine whether the government breached a plea agreement, we "1) examine the nature of the promise; and 2) evaluate the promise in light of the defendant's reasonable understanding of the promise at the time of the guilty plea." *United States v. Rodriguez-Delma*, 456 F.3d 1246, 1250 (10th Cir. 2006) (quotations omitted), *cert. denied*, 127 S.Ct. 1338 (2007). "General principles of contract law define the government's obligations under the agreement, looking to the express language and construing any ambiguities against the government as the drafter of the agreement." *Id.* at 1250-51 (quotations omitted). The government's obligation to recommend an acceptance of responsibility adjustment was contingent on Macias' continuing manifestation of acceptance of responsibility. Charitably considered, Macias' statement to the probation officer grossly minimizes his involvement; objectively considered, it amounts to an outright denial of responsibility. The government did not consider it a continuing manifestation of acceptance of responsibility; the probation officer agreed, as did the district court, as do we.

to, for a downward departure under USSG §5K2.0 based on the fact he had agreed and tried to assist the government but it refused to talk with him. The government argued such motion violated the plea agreement. It also alleged Macias had two opportunities (at the time of his arrest and after his first appearance) to provide substantial assistance to the government but refused. Only after Macias' motion to suppress was denied did he attempt to come forward with information. By that time, law enforcement officers had obtained the information they sought from Macias from other sources.

In response to the parties' objections, the probation officer amended the presentence report to eliminate the three-level downward adjustment for acceptance of responsibility. The officer also recommended denying Macias' motion for downward departure. Under the amended PSR, Macias' base offense level was 34, resulting in a guideline range of 151-188 months imprisonment for Count I. The recommendations for Counts II, III and V remained the same. The district court adopted the probation officer's new recommendations and sentenced Macias to a total of 211 months. Macias did not file a direct appeal.

On February 12, 2004, Macias filed a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. He alleged his trial counsel was ineffective at the motion to suppress and sentencing hearings.[5] On September 7,

_____

[5] Specifically, Macias alleged his counsel was ineffective for failing to: (1) subpoena a witness for the motion to suppress hearing, (2) allow him to explain for acceptance of responsibility purposes that he considered the small baggies of

2004, Macias sought leave to amend/supplement his § 2255 motion to include an ineffective assistance of counsel claim based on trial counsel's failure to timely file a notice of appeal as promised and to consult with him after his sentencing concerning the advantages and disadvantages of an appeal. In response, the government argued to the extent Macias' ineffective assistance of counsel claims did not relate to the validity of the plea or the plea agreement's waiver provision, they were barred by the waiver. To the extent the waiver did not bar Macias' claims, the government asserted they were without merit. The district court concluded an evidentiary hearing was necessary on the limited issue of whether Macias' counsel was ineffective for failing to file a notice of appeal and appointed counsel for Macias. *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

On March 6 and 27, 2006, the district court conducted an evidentiary hearing at which Macias, his mother and Boaten testified. On April 12, 2006, the court issued an order denying Macias' § 2255 motion. It concluded Macias' ineffective assistance of counsel claims concerning counsel's performance at the motion to suppress and sentencing hearings fell within the plea agreement's waiver provision. As to his ineffective assistance of counsel claim based on

methamphetamine found in his house unmarketable and that he did not consider the duffel bag of marijuana to be his property, and (3) object to (a) the separation of the possession of marijuana and methamphetamine charges in the indictment, (b) the consideration of drugs which were not intended to be distributed into the calculation of his sentence and (c) the firearm enhancement under USSG §2D1.1.

counsel's failure to file a notice of appeal, the court determined Boaten was not ineffective because Macias never asked Boaten to file an appeal and Boaten neither ignored a request to file an appeal nor proposed to file an appeal on Macias' behalf.[6]

Thereafter, Macias filed a notice of appeal and a request for a COA limited to whether trial counsel was ineffective for failing to file a notice of appeal.[7] He alleged the court failed to consider whether Boaten was ineffective for failing to consult with him after his sentencing concerning the advantages and disadvantages of an appeal. The court denied Macias' request for a COA. In doing so, it considered and rejected the failure to consult argument, finding Boaten had consulted with Macias about an appeal. Macias renews his request for a COA with this Court.

## II. Discussion

A COA is a jurisdictional pre-requisite to our review. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). We will issue a COA only if Macias makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §

---

[6] The district court construed Macias' § 2255 motion to include a claim that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004). It concluded the claim was without merit because neither *Blakely* nor *United States v. Booker*, 543 U.S. 220 (2005), apply retroactively to initial motions under 28 U.S.C. § 2255. Macias does not seek a COA on this issue.

[7] In his COA request, Macias conceded his ineffective assistance of counsel claims concerning counsel's performance at the motion to suppress and sentencing hearings were barred by the plea agreement's waiver provision.

2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotations omitted).

A plea agreement waiver of post-conviction rights is "generally enforceable where the waiver is expressly stated in the [] agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). Exceptions to the general rule include "where the agreement was involuntary or unknowing, where the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful." *Id.* at 1182-83. Moreover, "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver. Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." *Id.* at 1187.

Macias' COA application is limited to arguing the district court erred in finding Boaten was not ineffective for failing to consult with him after sentencing concerning the advantages and disadvantages of an appeal. The district court found this claim survived the plea agreement waiver of post-conviction rights and addressed its merits. However, because this claim falls within the scope of the

-9-

plea agreement's waiver provision and does not relate to the validity of the plea or waiver, it too is barred. *Id.* at 1187; *see also United States v. Davis*, No. 06-3289, 2007 WL 588326, at *2 (10th Cir. Feb. 27, 2007) (unpublished).[8] In any event, it is without merit.[9]

An ineffective assistance of counsel claim requires a showing that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[A] defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). On the other hand,

_____

[8] Unpublished opinions are not binding precedent. We mention *Davis* only because of its persuasive value. *See* 10TH CIR. R. APP. P. 32.1(A).

[9] In *United States v. Garrett*, Garrett's plea agreement contained a waiver of appeal. 402 F.3d 1262, 1263 (10th Cir. 2005). In his § 2255 motion, he argued his counsel was ineffective for failing to file an appeal despite being requested to do so. The district court dismissed the claim without an evidentiary hearing, concluding the attorney could not be faulted for failing to file an appeal when Garrett had expressly waived his appellate rights. We concluded the court should have conducted a hearing to determine whether Garrett had requested counsel to file an appeal. *Id.* at 1266-67. In a footnote, we noted Garrett's plea agreement also contained a waiver of his right to collaterally challenge his guilty plea or sentence. *Id.* at 1266 n.5. However, we did not enforce that waiver because (1) the government had not argued the waiver barred Garrett's § 2255 motion based on counsel's failure to file an appeal and (2) the plain language of the waiver did not address the claim. *Id.* Here, the government raised the waiver issue. We are satisfied the plea agreement permissibly waived Macias' ineffective assistance of counsel claim based on counsel's alleged failure to consult. The district court seems to have read *Garrett* differently and addressed the merits. Its merits analysis, while unnecessary, was correct.

"a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* In such circumstances, the defendant is entitled to a new appeal, regardless of whether such appeal would have merit. *Garrett*, 402 F.3d at 1265.

Even when a defendant neither instructs counsel to file an appeal nor requests that an appeal not be taken, counsel may be still be ineffective for failing to file an appeal if he did not consult with the defendant about an appeal, *i.e.*, if he failed to "advis[e] the defendant about the advantages and disadvantages of taking an appeal" and "mak[e] a reasonable effort to discover the defendant's wishes." *Roe*, 528 U.S. at 478. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. In making this determination, relevant factors include "whether the conviction follows a trial or guilty plea" ("because a guilty plea reduces the scope of potentially appealable issues and . . . may indicate that the defendant seeks an end to judicial proceedings"), "whether the defendant received the sentence bargained for as part of the plea" and "whether the plea expressly reserved or waived some or all appeal rights." *Id.* In this case, the district court found (1) Macias did not ask Boaten to file an appeal and (2) Boaten did not ignore a request to file an

appeal or propose that an appeal be filed. These findings are not clearly erroneous. *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002) ("In reviewing the denial of a § 2255 motion, we review for clear error the district court's factual findings, and we review legal conclusions de novo.").

At the evidentiary hearing, Macias testified that immediately following his sentencing hearing, he met with Boaten, who informed Macias he did not agree with the sentence and stated they had one to two years to appeal it. Macias' mother testified she spoke with Boaten after the sentencing hearing, using her daughter as an interpreter. She asked Boaten what they could do and Boaten responded they could appeal "within a year, three." (R. Vol. 4 at 22.) Boaten testified he visited with Macias concerning an appeal prior to his entering into the plea agreement. He informed Macias that if he pled guilty and received a lawful sentence, he could not appeal his conviction or sentence. After weighing the pros and cons, Macias decided to plead guilty. Boaten also testified he did not recall speaking with Macias about an appeal after sentencing, but he never informed Macias he would be filing an appeal nor did Macias direct him to. He could not recall any conversation with Macias' mother or sister.

While the testimony was conflicting, the district court resolved the conflict in favor of Boaten. This finding is entitled to deference. *See Nat'l Refining Co. v. Wagner*, 169 F.2d 43, 45 (10th Cir. 1948) (credibility of witnesses and weight to be given their testimony are questions for the trial court; a trial judge observes

the witnesses while testifying and is in a better position to judge their credibility than is this Court). It is also adequately supported. As the court noted, Macias has never claimed he explicitly asked Boaten to file an appeal. His claim has always been that Boaten was particularly upset with the court's denial of a three-level downward departure for acceptance of responsibility, and told Macias he would file an appeal but failed to do so. However, Boaten testified he explained to Macias that if he chose to plead guilty, he would not be able to appeal. That is why Boaten never discussed an appeal with Macias after sentencing — he knew Macias had waived his right to appeal except in limited circumstances, none of which applied. Further, both Macias and his mother testified Boaten told them they had several years to file an appeal, which is not the applicable deadline thereby calling the veracity of their testimony into question. Because Macias never requested an appeal and Boaten never proposed filing an appeal, Boaten was not ineffective for failing to file an appeal.

With regard to the duty to consult, however, we conclude the district court erred in finding Boaten consulted with Macias about an appeal after sentencing. In support of this finding, the court stated: (1) under *Roe*, a finding that counsel did not fail to follow the defendant's express instructions with respect to an appeal subsumes a finding that counsel consulted with the defendant, (2) Boaten testified he spoke with Macias about how a guilty plea affected his right to appeal his sentencing and (3) Macias' testimony that he asked Boaten to file a notice of

-13-

appeal necessarily suggests that Boaten consulted with him about an appeal. The court's finding is not supported by the record. While Boaten testified he discussed with Macias the effect of a guilty plea on his appellate rights, there is no evidence Boaten consulted with Macias after the sentencing hearing about the advantages and disadvantages of an appeal. Indeed, Boaten testified he did not recall talking to Macias about an appeal after the sentencing hearing. Moreover, Macias never testified he asked Boaten to file an appeal; his claim has always been that Boaten proposed filing an appeal on Macias' behalf. Lastly, a finding that Boaten did not fail to follow Macias' express instructions with respect to an appeal does not support an assumption that Boaten consulted with Macias' about an appeal, especially when the attorney concedes he did not consult with the defendant. Even when a defendant does not instruct counsel to file an appeal, counsel may be ineffective for failing to file an appeal if counsel had a duty to consult with the defendant about an appeal and did not do so. *Roe*, 528 U.S. at 478.

Despite the court's error, we conclude Boaten's failure to consult was not constitutionally ineffective because there was no duty to consult in this case. Macias' conviction followed a guilty plea and he received the bargained-for sentence. Although he did not receive the three-level downward adjustment for acceptance of responsibility, this portion of the "bargain" was contingent on Macias continuing to manifest an acceptance of responsibility, which he failed to

do.  While Macias may have "lost" on the acceptance of responsibility reduction, he "gained" twenty-five years by entering into the plea agreement.  He also waived the right to appeal his sentence except in limited circumstances, none of which occurred.  These facts demonstrate Boaten had no reason to believe a rational defendant would want to appeal and, more specifically, that Macias would be interested in appealing the sentence he "bargained" for.

Although the district court unnecessarily addressed issues raised by Macias, it did so correctly.  Its denial of his § 2255 motion is not reasonably debatable. *Slack*, 529 U.S. at 484.  We DENY Macias' request for a COA and DISMISS the application.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge