FILED
United States Court of Appeals
Tenth Circuit

November 20, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ERNESTINE GOLDEN,

Defendant-Appellant.

No. 07-7003
(D.C. Nos. 05-CV-374-JHP and
04-CR-11-JHP)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **McCONNELL** and **GORSUCH**, Circuit Judges.

Ernestine Golden, a federal prisoner, requests a certificate of appealability

("COA") to challenge the district court's order denying her 28 U.S.C. § 2255

motion for sentencing relief. *See* 28 U.S.C. §§ 2253(c)(1)(B). We grant the

requested COA with respect to the limited question whether Ms. Golden's trial

counsel was constitutionally deficient in failing to file a notice of appeal at her

request, and we remand the matter to the district court for further proceedings in

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

connection with this question. As for Ms. Golden's various other arguments, we find them insufficient to warrant a COA and thus dismiss the balance of her appeal.

I

In January 2004, a federal grand jury indicted Ms. Golden for distribution of methamphetamine, conspiracy to distribute methamphetamine, and possession and distribution of listed chemicals. She pleaded guilty to the conspiracy count on June 10, 2004. As part of the plea bargain, Ms. Golden agreed to waive all rights to appeal or collaterally attack her sentence, so long as there was no upward departure from the applicable range of the United States Sentencing Guidelines.

Two weeks later, on June 24, 2004, the Supreme Court issued *Blakely v. Washington*, 542 U.S. 296 (2004). It appears that Ms. Golden's counsel sought to make use of *Blakely* at her sentencing hearing on September 8, 2004, objecting to a base-offense level derived from a methamphetamine quantity that exceeded the quantity to which she pleaded guilty. Aplt. App. at 11. The district court found *Blakely* inapplicable and imposed a 168-month sentence, the bottom of the applicable, then-mandatory Guidelines range. At the end of the proceedings, the district court informed Ms. Golden that she had ten days to appeal her sentence. A judgment of conviction was filed two days later. No appeal was taken.

A year later, on September 8, 2005, Ms. Golden filed a § 2255 motion in the district court, arguing, among other things, that her former attorney was ineffective for not moving to withdraw her guilty plea after *Blakely* was decided and for not filing a direct appeal. The Government opposed the motion.[1] During an evidentiary hearing, Ms. Golden testified that she had asked her counsel at sentencing to appeal, that she believed he would file an appeal that same day, and that afterward she wrote him two letters asking if he had filed the appeal. Aplt. App. at 21. A copy of one of the letters, dated December 7, 2004, was produced at the hearing.[2] Ms. Golden's trial counsel testified that the first time he learned that Ms. Golden wanted to appeal was when she wrote him in December – long after the time to notice an appeal had expired. He also indicated that he did not

---

[1]     The Government did not, however, oppose § 2255 relief on the basis of the plea agreement's waiver of "any post-conviction proceedings," *United States v. Ms. Golden*, No. CR-04-11-H, Doc. # 86 at 12 (plea agreement). Further, "a plea agreement waiver of post-conviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

[2]     In the December 7, 2004 letter, Ms. Golden wrote:

> I mailed you a letter about three weeks ago and ask [sic] you if you filed my appeal to reduce my sentence. We had ten days from the time I was sentenced to file it. I haven't heard from you since the day of my sentencing. And I haven't received anything showing that you filed the appeal. Would you please let me know if you filed it. I've never received an answer from my last letter to you. I need to know what is going on with my case.

Aplt. App. at 35.

file an appeal in response to Ms. Golden's letter because of the plea agreement's appeal-waiver provision. Aplt. App. at 25; *see also* Aplee. Br. at 10-11.

The district court denied Ms. Golden's § 2255 motion, ruling that her counsel did not perform deficiently in regard to her plea; but the district court did not render any findings or conclusions on Ms. Golden's claim that her counsel was ineffective for not appealing as requested. The district court also declined to issue a COA. Ms. Golden now appeals, requesting a COA from us.

## II

In order to obtain a COA to challenge the denial of her § 2255 motion, Ms. Golden must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). She may make this showing "by demonstrating that jurists of reason could disagree with the district court's resolution of her constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In aid of her request for a COA, Ms. Golden presses three arguments. We address each in turn.

## A

Ms. Golden first seeks a COA to challenge the conduct of her trial counsel. Specifically, she contends that counsel's failure to file a notice of appeal constitutes a denial of her Sixth Amendment right to effective assistance of

counsel. Because we believe Ms. Golden has made a substantial showing that her constitutional rights were impaired, we grant a COA on this question.

In *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), the Supreme Court stated that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable," entitling the client to a delayed direct appeal.[3] Our precedent instructs that this rule applies even if, as here, the defendant has waived her appellate rights in a plea agreement. *United States v. Garrett*, 402 F.3d 1262, 1266-67 (10th Cir. 2005). We reached this result reasoning that, even in the presence of a waiver provision in a plea agreement, there often still remains some appropriate bases for appellate review. *Id.* (the waiver provision in that case did "not foreclose all appellate review of [appellant's] sentence"). Ms. Golden raised a *Flores-Ortega* argument before the district court, *see United States v. Ms. Golden*, No. CV-05-374, Doc. # 25 at 8, but the district court did not address the factual or legal bases of her argument. Neither has the government done so in its appellate brief.

---

[3]     But when "the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken," the question is whether counsel "advis[ed] the defendant about the advantages and disadvantages of taking an appeal, and ma[de] a reasonable effort to discover the defendant's wishes." *Flores-Ortega*, 528 U.S. at 478. *See also Garrett*, 402 F.3d at 1265 n.4 ("In the absence of a consultation, the question becomes whether the failure to consult with the defendant itself becomes deficient performance") (internal quotation marks omitted).

Consequently, we reverse the district court's order denying § 2255 relief and remand this matter to the district court.

On remand, the district court will still need to determine, by way of example and without limitation, whether counsel notified Ms. Golden of her right to appeal in a timely fashion and received a timely request to file a notice of appeal. If counsel either failed to discuss with Ms. Golden her options in a timely fashion, or failed to abide her request to file a timely notice of appeal, that may lead the court to award appropriate relief. *See supra* note 3; *Garrett*, 402 F.3d at 1265-67. If counsel did inform Ms. Golden of her right to appeal in a timely manner and Ms. Golden did not instruct counsel to file a notice of appeal until after the deadline passed, that may lead the court in a different direction for we cannot say that a lawyer engages in constitutionally deficient or prejudicial practice by declining to file an impermissible notice of appeal in such circumstances. *Cf. Flores-Ortega*, 528 U.S. at 484 (observing the "critical requirement that counsel's deficient performance must actually cause the forfeiture of the defendant's appeal"); *Garrett*, 402 F.3d at 1265 (holding that the failure to file a timely notice of appeal is "professionally unreasonable" and "presumptively prejudicial"); *United States v. Hirsch*, 207 F.3d 928, 931 (7th Cir. 2000) (indicating that a properly informed defendant who fails to timely request an appeal "cannot change his mind and later blame his lawyer" for a tardy appeal).

B

Ms. Golden also seeks a COA to advance a claim that she made her plea involuntarily and unknowingly as a result of additional deficiencies by her counsel. She first argues that "[c]ompetent counsel should have foreseen the ultimate holding in *Blakely*," which was decided two weeks after her guilty plea, Aplt. Br. at 7, and that counsel "should have immediately moved to withdraw her plea based on *Blakely*'s ultimate impact on [her] sentencing," *id.* at 8. "In *Blakely*, the Supreme Court held that in a state prosecution the Sixth Amendment requires that the maximum permissible sentence in a particular case must be determined solely by reference to 'facts reflected in the jury verdict or admitted by the defendant.'" *United States v. Wilson*, 416 F.3d 1164, 1171 (10th Cir. 2005) (quoting *Blakely*, 542 U.S. at 303).

*Blakely*, of course, concerned a state sentencing system and had no direct impact on the federal Sentencing Guidelines. Thus, as far as we can tell, Ms. Golden is actually faulting her counsel for not anticipating *Blakely*'s subsequent extension by the Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005), to the Sentencing Guidelines, rendering the Guidelines advisory instead of mandatory.

To succeed on a claim of ineffective assistance, Ms. Golden must show that her counsel performed deficiently and prejudiced the outcome of her case. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Hill v. Lockhart*,

-7-

474 U.S. 52, 58-59 (1985) (ineffective assistance in the context of a guilty plea).

We conclude that Ms. Golden has failed to establish the initial prong of the

*Strickland* analysis. Specifically, she has not demonstrated deficient performance

in counsel's failure to predict *Booker*'s extension of *Blakely*, which occurred

months after Ms. Golden's conviction and sentence. "The Sixth Amendment does

not require counsel for a criminal defendant to be clairvoyant." *United States v.*

*Harms*, 371 F.3d 1208, 1212 (10th Cir. 2004); *cf. United States v.*

*Gonzalez-Huerta*, 403 F.3d 727, 750 (10th Cir. 2005) (Briscoe, J. concurring and

dissenting) ("[I]t is safe to say that no one . . . could have predicted the absolute

sea-change in federal sentencing that would ultimately be wrought by the

Supreme Court in its *Booker* remedial holding."). Moreover, Ms. Golden's

counsel did assert a *Blakely* objection at sentencing, which was sufficient, under

our case law, to preserve a claim of *Booker* error in any direct appeal. *See United*

*States v. Nash*, 482 F.3d 1209, 1221 (10th Cir. 2007).[4]

Ms. Golden further argues that her counsel was ineffective because he

coerced her into pleading guilty and failed to mention that she suffered from

"numerous health related problems and was taking a laundry list of medications."

Aplt. Br. at 16. But during the change of plea hearing, Ms. Golden specifically

---

[4]     To the extent that Ms. Golden seeks a COA to challenge via § 2255 her sentence as a violation of *Booker*, we note that *Booker* does not apply retroactively to cases on collateral review. *See United States v. Bellamy*, 411 F.3d 1182, 1186-87 (10th Cir. 2005).

informed the court that her plea was made voluntarily and that no one was forcing her to plead guilty. We see nothing in the record inconsistent with a voluntary decision to plead guilty. Likewise, Ms. Golden concedes that she was questioned at the hearing about her medications and their effects. *Id.* at 17. Further, at the hearing she clearly expressed her satisfaction with her counsel's assistance. Nothing in the transcript of that hearing or the transcript of the § 2255 evidentiary hearing suggests that Ms. Golden's counsel performed deficiently in bringing her health problems and medications to the trial court's attention.

Accordingly, the district court's conclusion that Ms. Golden counsel was not ineffective in regard to the entry and maintenance of her guilty plea is not reasonably debatable and we deny a COA on these ineffective assistance claims.

C

Finally, Ms. Golden cursorily argues that "she is not guilty of the crimes charged" because she was unaware that she was in possession of methamphetamine. Aplt. Br. at 6. To succeed on this argument, she must show "that no reasonable juror would have found [her] guilty." *United States v. Cervini*, 379 F.3d 987, 991 (10th Cir. 2004) (quotation omitted). Because she has identified nothing that would support her lack of awareness or otherwise undermine the effect of her guilty plea, *see United States v. Broce*, 488 U.S. 563, 570 (1989) ("By entering a plea of guilty, the accused is not simply stating that

[s]he did the discrete acts described in the indictment; [s]he is admitting guilt of a substantive crime."), we conclude that a COA on this issue is not warranted.

* * *

We grant a COA on the question concerning Ms. Golden's counsel's failure to file a direct appeal. As to that issue, we reverse the district court's judgment and remand the matter for further proceedings consistent with this order and judgment. As for the remainder of Ms. Golden's appeal, we deny a COA and dismiss the appeal.

Entered for the Court

Neil M. Gorsuch
Circuit Judge