FILED
United States Court of Appeals
Tenth Circuit

**August 25, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NORMAN SHAW, JR.,

Defendant - Appellant.

No. 08-3078

D. Kan.

(D.C. No. 07-CV-02305-CM)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Norman Shaw pled guilty to federal bank robbery charges and was

sentenced to 165 months imprisonment. Though his plea agreement contained a

waiver of his right to appeal from or collaterally attack his conviction or sentence,

Shaw filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255

arguing, *inter alia*, his counsel was ineffective for failing to file an appeal. The

district court denied Shaw's petition and did not rule on his subsequent request

for a certificate of appealability (COA). We therefore deem his request denied.

*See* 10th Cir. R. 22.1(C). Appearing pro se, Shaw now seeks a COA from this

Court, arguing the district court erred by not holding an evidentiary hearing to

determine whether he had instructed his counsel to file a notice of appeal.[1]

## I. BACKGROUND

Shaw pled guilty to two counts of a two-count superseding indictment: entering a bank with intent to rob it and bank robbery, both in violation of 18 U.S.C. § 2113(a). His plea agreement contained a waiver:

> The defendant knowingly and voluntarily **waives any right to appeal or collaterally attack any matter in connection with his prosecution, conviction, and sentence**. The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence. By entering into this agreement, he knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. **He also waives any right to challenge his conviction or sentence (in the manner in which either was determined) in any collateral attack**, including, but not limited to, a motion brought under 28 U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], as well as any motion brought under 18 U.S.C. § 3582(c)(2) and/or Fed. R. Civ. Pro. 60(b). In other words, he waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), he is released from this waiver and may appeal his sentence as authorized by 18 U.S.C. § 3742(a).

(R. Vol. I, Doc. 53 at 7 (emphasis added).) The court determined Shaw was a career offender under USSG §4B1.1 and sentenced him to 165 months imprisonment on each count, to run concurrently. Shaw did not file a direct appeal.

_____

[1] We liberally construe Shaw's filings because he is proceeding pro se. *See Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).

Almost one year later, Shaw filed a pro se 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence alleging: (1) he was wrongly sentenced as a career offender; (2) he received ineffective assistance of counsel because (a) he was not given a three-level reduction for acceptance of responsibility, (b) counsel failed to object to the application of the career offender guideline at sentencing and failed to appeal, (c) counsel failed to address at sentencing or on appeal other unspecified guideline enhancements, (d) counsel failed to investigate evidence that would have proven him actually innocent; and (3) there was insufficient evidence to prove his guilt on one of the counts. Shaw did not claim he requested his counsel file a notice of appeal; nor did he claim his counsel failed to consult with him about pursuing an appeal.[2]

In response to Shaw's argument that his counsel was ineffective for failing to file an appeal, the government stated: "[T]he Court correctly applied [the career offender] enhancement, and the defendant has failed to show what his counsel could possibly have done in objecting or appealing." (R. Vol. I, Doc. 62 at 7.) The court denied Shaw's motion, remarking in a footnote:

> Two of petitioner's claims involve allegations that counsel failed to file an appeal. The Tenth Circuit has held recently in unpublished

---

[2] He alleged: "Ineffective counsel failed to appeal defendant's illegal sentence, and failed to properly address at sentencing and on direct appeal, any of the sentencing guideline enhancements [now defaulted] used by the court, based on the probation department's presentence report. This ineffectiveness of counsel caused petitioner to receive an additional 90 months in federal prison . . . ." (R. Vol. I, Doc. 60 at 4-5.)

> opinions that allegations that counsel failed to file an appeal fall within the scope of plea agreement waivers. *See, e.g., United States v. Macias*, 229 Fed. Appx. 683, 687 (10th Cir. 2007); *United States v. Davis*, 218 Fed. Appx. 782, 784 (10th Cir. 2007). In any event, petitioner's allegations that his counsel failed to file an appeal are conclusory and insufficient to state a claim for relief. *See Hatch v. Okla.*, 58 F.3d 1447, 1457, 1471 (10th Cir. 1995), *overruled on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

(R. Vol. I, Doc. 67 at 3 n.1.) The court determined it did not need to conduct an evidentiary hearing because "[t]he files and records before the court conclusively show that defendant is not entitled to relief." (*Id.* at 6.) Shaw filed a timely notice of appeal.[3] In his application for a COA with this Court, Shaw claims — for the first time — that he told his attorney to file an appeal and his attorney told him he would do so.

## II.  DISCUSSION

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA only if a petitioner makes "a substantial showing of the denial of a

---

[3] Shaw's notice of appeal was filed 110 days after entry of the order denying his § 2255 motion. Had the court entered a separate judgment on the day it entered the order, Shaw's notice of appeal would be untimely, as a defendant in a civil habeas action must appeal a separately entered judgment within 60 days. *See* Fed. R. App. P. 4(a)(1)(B). However, where the court does not enter a separate judgment required under Fed. R. Civ. P. 58(a), the judgment is not deemed entered until 150 days after the entry of the dispositive order on the docket. *See* Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4(a)(7)(A)(ii). Thus, Shaw had 210 days from November 29, 2007, in which to appeal and thus, his notice of appeal, filed March 19, 2008, was timely.

constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). "[A] waiver of collateral attack rights brought under § 2255 is generally enforceable when the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). Shaw cites *United States v. Garrett*, 402 F.3d 1262, 1266 (10th Cir. 2005), for the proposition that a court is required to hold an evidentiary hearing notwithstanding a waiver of appeal and collateral attack where a petitioner claims in a habeas petition he requested an appeal be filed and counsel failed to abide by that request.[4] In assessing whether a petitioner is entitled to an evidentiary hearing, our case law instructs: "[T]he petitioner bears the burden of alleging facts which, if proved, would entitle him to relief. Moreover, his allegations must be specific and particularized; conclusory allegations will not suffice to warrant a hearing."

---

[4] In *Garrett*, we held the defendant was entitled to a delayed appeal notwithstanding the waiver of appeal and collateral attack contained in his plea agreement because he specifically requested counsel file a notice of appeal and counsel failed to do so. 402 F.3d at 1266. The government did not argue the waiver of collateral attack barred the defendant's § 2255 motion. *See id.* at 1266 n.5

*Hatch v. Okla.*, 58 F.3d 1447, 1457 (10th Cir. 1995) (quotations and citations omitted). The district court was not required to hold an evidentiary hearing here because, prior to his filings with this Court, Shaw never claimed his attorney promised to file a notice of appeal or ignored a specific request to do so. *See United States v. Wales*, No. 05-3445, 2006 WL 950655 at *2 (10th Cir. Apr. 13, 2006) (unpublished) (enforcing defendant's waiver of his right to collateral review and denying his application for a COA because he "presented no evidence that he asked his lawyer to file an appeal").[5] Where, as here, "the case record conclusively shows the prisoner is entitled to no relief," a hearing is not required. *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988).

We **DENY** Shaw's application for a COA and **DISMISS** this nascent appeal.

ENTERED FOR THE COURT


Terrence L. O'Brien
Circuit Judge

---

[5] As an unpublished order and judgment, *Wales* is non-binding, and can inform our decision only insofar as its reasoning is persuasive. 10th Cir. R. 32.1(A).

08-3078 *United States v. Shaw*
J. **O'BRIEN**, Concurring

I concur, but write separately to express my belief that Shaw would not be entitled to an evidentiary hearing even if he had alleged in his district court filings that he specifically requested his counsel file a notice of appeal. First, Shaw cannot succeed on his ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984), because none of the grounds on which he seeks to appeal survive his appeal waiver. Second, even if we found counsel's performance to be deficient and presumed prejudice under *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), Shaw would still not be entitled to an evidentiary hearing because his post-sentencing ineffective assistance of counsel claim is within the scope of the collateral attack waiver contained in his plea agreement.

A.      Ineffective Assistance of Counsel Claim

In order to succeed on an ineffective assistance of counsel claim, a petitioner must show: (1) counsel's performance "fell below an objective standard of reasonableness;" and (2) counsel's "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. In *Flores-Ortega*, the Court remarked it has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." 528 U.S. at 477. Thus, "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have

taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* at 484. "This is true regardless of whether, from the limited perspective of collateral review, it appears that the appeal will not have any merit." *United States v. Garrett*, 402 F.3d 1262, 1267 (10th Cir. 2005).

Many circuits — including this one — have applied the *Flores-Ortega* holding to cases in which the defendant's plea agreement contained a waiver of appeal, presuming prejudice without considering the merits of the defaulted appeal, despite the fact there was "no claim . . . that Flores-Ortega waived his right to appeal as part of a plea agreement." *Flores-Ortega*, 528 U.S. at 489 n.1 (Souter, J., concurring in part, dissenting in part). *See United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007); *United States v. Tapp*, 491 F.3d 263, 265-266 (5th Cir. 2007); *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007); *Campusano v. United States*, 442 F.3d 770, 775-76 (2d Cir. 2006); *Garrett*, 402 F.3d at 1266;[1] *Gomez-Diaz v. United States*, 433 F.3d 788, 791-94

---

[1] *Garrett* has been cited favorably in a number of unpublished decisions. *See United States v. Benoit*, No. 06-7084, 2008 WL 1766839, *2 (10th Cir. Apr. 18, 2008) (unpublished) ("Although the waiver in Mr. Benoit's plea agreement has significantly limited his appellate rights, Mr. Benoit would still be entitled to a delayed appeal if he asked his attorney to file an appeal and his attorney ignored his request."); *United States v. Lauer*, 236 Fed. Appx. 462, 465 (10th Cir. 2007) (unpublished) (vacating the dismissal of defendant's petition despite appellate and post-conviction waiver and remanding for a hearing to determine whether defendant requested counsel file a notice of appeal); *United States v. Golden*, 255 Fed. Appx. 319, 321 (10th Cir. 2007) (unpublished) ("Our precedent instructs that [the *Flores-Ortega*] rule applies even if, as here, the defendant has waived her

(11th Cir. 2005); *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1195-99 (9th Cir. 2004).

In *Nunez v. United States*, the Seventh Circuit concluded the *Flores-Ortega* presumption of prejudice was not applicable to a defendant whose plea agreement contained a waiver of appellate rights.  495 F.3d 544, 547 (7th Cir. 2007), *vacated and remanded by*, 128 S.Ct. 2990 (2008).[2]  The court explained: "Far from having a ministerial duty to follow his client's (latest) wishes, a lawyer has a duty to the judiciary to avoid frivolous litigation—and an appeal in the teeth of a valid waiver is frivolous."  *Id.*  "If the plea (and thus the waiver) is valid, an argument that counsel furnished ineffective assistance is among the foreclosed theories."  *Id.* at 548.

I agree.  Shaw waived his right to appeal "any matter in connection with his prosecution, conviction, and sentence."  (R. Vol. I, Doc. 53 at 7.)  The plea agreement waiver contains only two exceptions, neither of which is relevant

---

appellate rights in a plea agreement."); *United States v. Wales*, No. 05-3445, 2006 WL 960655 at *2 (10th Cir. April 13, 2006) (unpublished) ("This Court will not enforce a waiver of collateral review when a defendant was deprived of the opportunity for direct appeal because defense counsel rendered ineffective assistance by ignoring a defendant's request to perfect an appeal.").

[2] The Court vacated and remanded *Nunez* on the government's request and did not consider the merits.  *See Nunez*, 2008 U.S. LEXIS 5056 ("The judgment is vacated and the case is remanded to the United States Court of Appeals for the Seventh Circuit for further consideration in light of the position asserted by the Solicitor General in his brief for the United States filed May 12, 2008."); Brief for the United States at 15-16, *Nunez v. United States*, No. 07-818, 2008 WL 2050805 (May 12, 2008).

here.[3]  Because the issues he seeks to raise on appeal are well within the scope of his appeal waiver, his counsel's failure to file a notice of appeal — even if he was instructed to do so — would not constitute deficient performance and could not possibly be prejudicial.

The Court held in *Flores-Ortega* that prejudice is to be presumed "when counsel's constitutionally deficient performance deprives a defendant of an appeal."  528 U.S. at 484.  Here, it is the waiver, not the allegedly deficient performance of counsel, that caused the forfeiture of Shaw's appeal.  In *Campusano*, the Second Circuit recognized applying the *Flores-Ortega* presumption to waiver cases would "bestow on most defendants nothing more than the opportunity to lose," but concluded it could not "cut corners when Sixth Amendment rights are at stake."  442 F.3d at 777.  I am not persuaded the Sixth Amendment requires courts to give defendants like Shaw the opportunity to lose.  Rather than grant Shaw the meaningless (and, in my view, not Constitutionally mandated) right to a delayed appeal, which would waste judicial time and resources, we ought to hold him to his bargained-for plea agreement and with it, the appeal waiver.

B.    Collateral Attack Waiver

In this Circuit, "a waiver of collateral attack rights brought under § 2255 is

---

[3] Shaw did not waive his right to appeal an upward departure and would not be bound by the waiver if the government appealed from the sentence.

generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *Cockerham*, 237 F.3d at 1183. In *Cockerham*, we recognized an exception to this general rule, holding "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims ***challenging the validity of the plea or the waiver***. Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable."[4] *Id.* at 1187 (emphasis added).

Shaw's plea agreement contains an express waiver of collateral attack. It provides: "[Shaw] also waives any right to challenge his conviction or sentence (in the manner in which either was determined) in any collateral attack, including,

---

[4] *Garrett* is not to the contrary. In *Garrett*, we noted "[t]he government has not argued that [the collateral attack] waiver bars a § 2255 motion based on counsel's failure to file a requested appeal" and went on to explain "the plain language of the waiver does not address the type of claim he has raised." 402 F.3d at 1266 n.5. By negative implication, *Garrett* suggests that a collateral attack waiver that *does* waive post-plea ineffectiveness claims would present a different question. *See United States v. Macias*, 229 Fed. Appx. 683, 687 (10th Cir. 2007) (unpublished) (distinguishing *Garrett* and concluding defendant's ineffective assistance of counsel claim was barred because it fell within the scope of the plea agreement waiver and did not relate to the validity of the plea or the waiver), *cert. denied*, 128 S.Ct. 249 (2007); *United States v. Davis*, 218 Fed. Appx. 782, 783, 784 (10th Cir. 2007) (unpublished) (holding defendant's claim that "his attorney was ineffective for failing to file a notice of appeal on two sentencing issues" was "subject to waiver" because it "d[id] not go to the validity of the waiver or [ ] plea agreement" and because defendant did not "present[ ] any other evidence that he entered into the waiver or plea unknowingly or involuntarily"). To the extent *Garrett* has been applied in cases where the government raised the collateral attack waiver, I disagree with that extension.

-5-

but not limited to, a motion brought under 28 U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] . . . ." (R. Vol. I, Doc. 53 at 7.) Shaw does not challenge the validity of his plea or the waiver and does not claim counsel was ineffective in negotiating or explaining the plea agreement (including the waiver). He only complains (for the first time) that counsel was ineffective for not filing an appeal he agreed to forgo. Thus, his waiver is effective and his petition would be barred even if he had properly raised the issue before the district court.