**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ADAM DAVIS,

    Defendant - Appellant.

No. 06-3289
(D. Ct. No. 05-CV-3367-CM and 03-CR-20123-CM-2)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Mr. Davis, a federal prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal the denial of his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2253(c)(1)(B). We have jurisdiction under 28

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

U.S.C. §§ 1291 and 2253. Because we conclude that reasonable jurists would agree with the District Court's conclusion that Mr. Davis waived his right to collaterally attack his sentence, we deny his application for a COA and dismiss his appeal.

## I. BACKGROUND

On June 7, 2004, Mr. Davis pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. § 846. As part of his plea agreement, Mr. Davis waived "any right to appeal or collaterally attack any matter in connection with this prosecution, conviction, and sentence." Specifically, the plea agreement provided:

> [T]he defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)]. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing range determined by the court.

Following the acceptance of Mr. Davis's plea, the District Court sentenced him to 121 months' imprisonment. Mr. Davis did not appeal his conviction or sentence. On September 13, 2005, Mr. Davis filed a pro se § 2255 motion claiming: (1) the sentencing court erred by adding two criminal history points pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 4A1.1(d) for committing a crime while under a criminal justice sentence; (2) the sentencing court erred by applying the enhancement for management or supervision of a criminal activity to his sentence pursuant to U.S.S.G.

§ 3B1.1(c); and (3) his attorney was ineffective for failing to file a notice of appeal on two sentencing issues. The District Court rejected these claims, holding that Mr. Davis waived his right to collaterally attack his sentence under the plea agreement. *See United States v. Davis*, No. 03-20123-02-CM, 2006 WL 2135103 (D. Kan. July 27, 2006). The District Court denied Mr. Davis's application for a COA. *See Davis v. United States*, No. 03-20123-02-CM, 2006 WL 2524150 (D. Kan. Aug. 22, 2006). Mr. Davis now raises the same three issues in his application to this Court.

## I. DISCUSSION

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires Mr. Davis to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). The District Court's well-reasoned opinion concluded that Mr. Davis waived by plea agreement his right to collaterally challenge his sentence. After carefully reviewing the District Court's opinion and the record in this case, we conclude that jurists of reason would not find the District Court's waiver determination debatable.

In *United States v. Cockerham*, we held "that a waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily

made." 237 F.3d 1179, 1183 (10th Cir. 2001). A waiver of postconviction rights is unenforceable only when the defendant claims he received ineffective assistance of counsel in the negotiation of the plea or wavier. *Id.* at 1187. Accordingly, Mr. Davis's first two claims, related to sentencing, are barred by the waiver provision of the plea agreement.[1] In his remaining claim, Mr. Davis argues that his attorney failed to provide him with effective assistance of counsel by failing to file a notice of appeal on two sentencing issues. This claim does not go to the validity of the waiver or his plea agreement. Nor has Mr. Davis presented any other evidence that he entered into the waiver or plea unknowingly or involuntarily. As the District Court noted, it is apparent from the record that Mr. Davis fully understood the consequences of the plea agreement and entered into it knowingly and voluntarily. The sentencing court conducted a Rule 11 plea colloquy, *see* Fed. R. Crim. P. 11(b), and explicitly determined that:

> [T]he defendant . . . is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea, supported by an independent basis in fact containing each of the essential elements of the offense.

Thus, we conclude that Mr. Davis's ineffective assistance of counsel claim is also subject to waiver. Because Mr. Davis waived his right to attack his conviction

---

[1]An exception to the waiver within the plea agreement itself permits Mr. Davis to challenge upward *departures*. A "departure" is the imposition of a sentence outside the applicable Guideline range. *See* U.S.S.G. § 1B1.1. cmt. app. n.1(E). Because the District Court simply applied the sentencing Guidelines and sentenced Mr. Davis within that range, the court did not upwardly depart. Mr. Davis's appeal waiver therefore forbids a challenge to his sentence.

collaterally under 28 U.S.C. § 2255, his claims are waived.

### III. CONCLUSION

For the foregoing reasons, we **DENY** Mr. Davis's application for a certificate of appealability and **DISMISS** his appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge