ORDER DENYING CERTIFICATE OF APPEALABILITY AND DISMISSING APPEAL
TERRENCE L. O’BRIEN, Circuit Judge.
Norman Shaw pled guilty to federal bank robbery charges and was sentenced *729 to 165 months imprisonment. Though his plea agreement contained a waiver of his right to appeal from or collaterally attack his conviction or sentence, Shaw filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 arguing, inter alia, his counsel was ineffective for failing to file an appeal. The district court denied Shaw’s petition and did not rule on his subsequent request for a certificate of appealability (COA). We therefore deem his request denied. See 10th Cir. R. 22.1(C). Appearing pro se, Shaw now seeks a COA from this Court, arguing the district court erred by not holding an evidentiary hearing to determine whether he had instructed his counsel to file a notice of appeal.[1]
I. BACKGROUND
Shaw pled guilty to two counts of a two-count superseding indictment: entering a bank with intent to rob it and bank robbery, both in violation of 18 U.S.C. § 2113(a). His plea agreement contained a waiver:
The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with his prosecution, conviction, and sentence. The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence. By entering into this agreement, he knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. He also waives any right to challenge his conviction or sentence (in the manner in which either was determined) in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 [except as limited by United States v. Cocker-ham, 237 F.3d 1179, 1187 (10th Cir. 2001)], as well as any motion brought under 18 U.S.C. § 3582(c)(2) and/or Fed. R. Civ. Pro. 60(b). In other words, he waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), he is released from this waiver and may appeal his sentence as authorized by 18 U.S.C. § 3742(a).
(R. Vol. I, Doc. 53 at 7 (emphasis added).) The court determined Shaw was a career offender under USSG § 4B1.1 and sentenced him to 165 months imprisonment on each count, to run concurrently. Shaw did not file a direct appeal.
Almost one year later, Shaw filed a pro se 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence alleging: (1) he was wrongly sentenced as a career offender; (2) he received ineffective assistance of counsel because (a) he was not given a three-level reduction for acceptance of responsibility, (b) counsel failed to object to the application of the career offender guideline at sentencing and failed to appeal, (c) counsel failed to address at sentencing or on appeal other unspecified guideline enhancements, (d) counsel failed to investigate evidence that would have proven him actually innocent; and (3) there was insufficient evidence to prove his guilt on one of the counts. Shaw did not claim he requested his counsel file a notice of appeal; nor did he claim his counsel failed to consult with him about pursuing *730 an appeal.[2]
In response to Shaw’s argument that his counsel was ineffective for failing to file an appeal, the government stated: “[T]he Court correctly applied [the career offender] enhancement, and the defendant has failed to show what his counsel could possibly have done in objecting or appealing.” (R. Vol. I, Doc. 62 at 7.) The court denied Shaw’s motion, remarking in a footnote:
Two of petitioner’s claims involve allegations that counsel failed to file an appeal. The Tenth Circuit has held recently in unpublished opinions that allegations that counsel failed to file an appeal fall within the scope of plea agreement waivers. See, e.g., United States v. Macias, 229 Fed.Appx. 683, 687 (10th Cir.2007); United States v. Davis, 218 Fed.Appx. 782, 784 (10th Cir.2007). In any event, petitioner’s allegations that his counsel failed to file an appeal are conclusory and insufficient to state a claim for relief. See Hatch v. Okla., 58 F.3d 1447, 1457, 1471 (10th Cir.1995), overruled on other grounds by Daniels v. United States, 254 F.3d 1180, 1188 n. 1 (10th Cir.2001).
(R. Vol. I, Doc. 67 at 3 n. 1.) The court determined it did not need to conduct an evidentiary hearing because “[t]he files and records before the court conclusively show that defendant is not entitled to relief.” {Id. at 6.) Shaw filed a timely notice of appeal.[3] In his application for a COA with this Court, Shaw claims — for the first time — that he told his attorney to file an appeal and his attorney told him he would do so.
II. DISCUSSION
A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). We will issue a COA only if a petitioner makes “a substantial showing of the denial of a constitutional right.” 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must demonstrate “that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.” Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quotations omitted). “[A] waiver of collateral attack rights brought under § 2255 is generally enforceable when the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made.” United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir.2001). Shaw cites United States v. Garrett, 402 F.3d 1262, 1266 (10th Cir.2005), for the *731 proposition that a court is required to hold an evidentiary hearing notwithstanding a waiver of appeal and collateral attack where a petitioner claims in a habeas petition he requested an appeal be filed and counsel failed to abide by that request.[4] In assessing whether a petitioner is entitled to an evidentiary hearing, our case law instructs: “[T]he petitioner bears the burden of alleging facts which, if proved, would entitle him to relief. Moreover, his allegations must be specific and particularized; conclusory allegations will not suffice to warrant a hearing.” Hatch v. Okla., 58 F.3d 1447, 1457 (10th Cir.1995) (quotations and citations omitted). The district court was not required to hold an evidentiary hearing here because, prior to his filings with this Court, Shaw never claimed his attorney promised to file a notice of appeal or ignored a specific request to do so. See United States v. Wales, No. 05-3445, — Fed.Appx.-,-, 2006 WL 950655 at *2 (10th Cir.2006) (unpublished) (enforcing defendant’s waiver of his right to collateral review and denying his application for a COA because he “presented no evidence that he asked his lawyer to file an appeal”).[5] Where, as here, “the case record conclusively shows the prisoner is entitled to no relief,” a hearing is not required. United States v. Marr, 856 F.2d 1471, 1472 (10th Cir.1988). We DENY Shaw’s application for a COA and DISMISS this nascent appeal.

. We liberally construe Shaw’s filings because he is proceeding pro se. See Cummings v. Evans, 161 F.3d 610, 613 (10th Cir. 1998).

. He alleged: "Ineffective counsel failed to appeal defendant's illegal sentence, and failed to properly address at sentencing and on direct appeal, any of the sentencing guideline enhancements [now defaulted] used by the court, based on the probation department's presentence report. This ineffectiveness of counsel caused petitioner to receive an additional 90 months in federal prison....” (R. Vol. I, Doc. 60 at 4-5.)

. Shaw’s notice of appeal was filed 110 days after entry of the order denying his § 2255 motion. Had the court entered a separate judgment on the day it entered the order, Shaw’s notice of appeal would be untimely, as a defendant in a civil habeas action must appeal a separately entered judgment within 60 days. See Fed. R.App. P. 4(a)(1)(B). However, where the court does not enter a separate judgment required under Fed. R.Civ.P. 58(a), the judgment is not deemed entered until 150 days after the entry of the dispositive order on the docket. See Fed. R.Civ.P. 58(c)(2)(B); Fed. R.App. P. 4(a)(7)(A)(ii). Thus, Shaw had 210 days from November 29, 2007, in which to appeal and thus, his notice of appeal, filed March 19, 2008, was timely.

. In Garrett, we held the defendant was entitled to a delayed appeal notwithstanding the waiver of appeal and collateral attack contained in his plea agreement because he specifically requested counsel file a notice of appeal and counsel failed to do so. 402 F.3d at 1266. The government did not argue the waiver of collateral attack barred the defendant’s § 2255 motion. See id. at 1266 n. 5

. As an unpublished order and judgment, Wales is non-binding, and can inform our decision only insofar as its reasoning is persuasive. 10th Cir. R. 32.1(A).