**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

NORMAN SHAW, JR.,

       Defendant-Appellant.

No. 12-3287
(D.C. No. 2:05-CR-20073-CM-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

      Norman Shaw, Jr., appeals from the district court's order denying his Motion

to Correct Restitution. He previously pleaded guilty in this case to one count of

entering a bank with intent to rob it and one count of bank robbery, both in violation

of 18 U.S.C. § 2113(a). The government has moved to enforce the appeal waiver

contained in Mr. Shaw's plea agreement.

---

[*]    This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We deny the government's motion. In Mr. Shaw's Motion to Correct Restitution, he challenged his prior restitution orders from the District of Alaska and the Eastern District of Missouri, which were not subject to the appeal waiver in this case. But for reasons we will explain, the District of Kansas lacked jurisdiction over the filing. We therefore vacate the district court's order denying Mr. Shaw's motion, and remand to the district court with instructions to dismiss the motion, without prejudice to his re-filing it in the appropriate district.

## BACKGROUND

In 1996, Mr. Shaw robbed a bank in Alaska. He pleaded guilty and was sentenced to serve 41 months in prison, followed by supervised release for three years. He was ordered to pay restitution in the amount of $2,407. *United States v. Shaw*, No. A96-CR-32-JKS (D. Alaska), doc. 47 (amended judgment). On September 26, 2002, jurisdiction over his supervised release was transferred to the Western District of Missouri. *Id.,* doc. 73.

In July 2003, the District Court for the Western District of Missouri revoked Mr. Shaw's supervised release and sentenced him to seven months' incarceration. *United States v. Shaw*, No. 02-CR-00203-NKL-1 (W. Dist. Mo.), doc. 17. As part of its judgment, it again ordered him to pay the restitution of $2,407 due under his District of Alaska conviction. *See id*. No further term of supervised release was ordered. It appears that Mr. Shaw completed his sentence of incarceration on this conviction and was released. But he did not finish paying his restitution.

In June 2005, Mr. Shaw robbed a bank in Kansas City, Kansas. This resulted in the filing of the current case, No. 05-CR-20073, in the District of Kansas. He pleaded guilty and was sentenced to a prison term of 165 months, to be followed by a term of supervised release of three years. He was also ordered to pay restitution of $700 to Bank Midwest, the victim of his latest bank robbery. The prior restitution order from Alaska/Missouri was not made part of this judgment.

Mr. Shaw later moved under 28 U.S.C. § 2255 to vacate the judgment in No. 05-CR-20073. After the district court denied his motion, he appealed. His appellate issues concerned his attorney's alleged failure to file a notice of appeal and had nothing specifically to do with restitution. This court denied him a certificate of appealability (COA), holding that the appeal fell within the scope of his appeal waiver. *United States v. Shaw*, 292 F. App'x 728, 730-31 (10th Cir. 2008).

A year later, on June 25, 2009, Mr. Shaw filed in the District of Kansas his "Motion for Deferral of Restitution While Incarcerated." No. 05-CR-20073, doc. 77. In this motion, he argued that the district court had improperly delegated to the United States Bureau of Prisons (BOP) the responsibility for setting his restitution schedule. Absent a schedule created by the district court, he argued, the BOP could not take restitution payments from his prison account. His motion made no specific mention of the $2,407 prior restitution order from the Western District of Missouri. Instead, it appears to have concerned solely the $700 order of restitution entered in this District of Kansas case. The district court denied the motion, stating that its

- 3 -

amended judgment had already set a schedule for payment of restitution and that this duty had therefore not been improperly delegated to the BOP. *Id.*, doc. 80.

Three years later, on July 2, 2012, Mr. Shaw filed in the District of Kansas the motion that is the subject of this appeal. *Id.*, doc. 86. In this motion, he argued that notwithstanding the fact that (1) the Western District of Missouri did not order him to continue to make payments toward the $2,407 in restitution due from the Alaska bank robbery, and (2) the District of Kansas did not even include the $2,407 restitution in his sentence at all, the BOP in Pekin, Illinois where he was incarcerated was deducting moneys from his prison account to pay this $2,407 restitution debt.

The district court reached the merits of these claims. It first ruled that Mr. Shaw was still obligated on the Alaska restitution order. It then addressed his claim that his responsibility for restitution had been incorrectly delegated to the BOP. The district court explained "as stated in its 2009 order, *this court* did not delegate authority to the BOP for scheduling restitution payments, but rather set a schedule of restitution payment." *Id.*, doc. 91, at 2 (emphasis added) (internal quotation marks omitted). The district court then denied the motion, for substantially the same reasons as it had denied his previous motion concerning restitution.

# ANALYSIS

In Mr. Shaw's Motion to Correct Restitution, he made the following argument:

> For a restitution Order to be lawful, 18 USCS 3664 requires a District Court to set a schedule in consideration of defendant's financial resources. The District Court [for the] Western District [of] Missouri Judge Laughery did not order restitution remaining to be paid in the 2003 Supervised release Revocation Hearing. Therefore the $2,407.00 dollars that the Bureau of Prisons is making Defendant pay is illegal and therefore must be vacated from defendant['*]s restitution schedule.
>
> Without a proper order, the Bureau of Prisons does not have the authority to require defendant to pay restitution from his 1996 federal conviction which expired [sic] in November 2003 which [he] was not ordered to continue paying on his new July 2006 federal conviction and sentence.

Motion to Correct Restitution, No. 05-CR-20073-CM, doc. 86, at 2.

## 1. The Appeal Waiver Does Not Bar This Appeal

In his plea agreement, Mr. Shaw acknowledged that the maximum punishment he could receive included "restitution in the amount of $826." Plea Agreement, at 1-2. He waived his right to collaterally attack "the sentence imposed *in this case* except to the extent, if any, the court departs upwards from the applicable guideline range determined by the court." *Id.* at 7 (emphasis added). The restitution order Mr. Shaw now challenges was not entered as part of his sentence in this case, and its amount exceeds the maximum amount he could be ordered to pay under the terms of the plea agreement he agreed to in the District of Kansas. This being the case, the District of Kansas appeal waiver does not apply here.

## 2. Proper Jurisdiction for Mr. Shaw's Motion

The jurisdictional basis for Mr. Shaw's motion is not entirely clear. The federal restitution statute provides for a motion for modification of restitution. *See* 18 U.S.C. § 3664(k). But such a motion may only be filed where there has been a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." *Id.* Mr. Shaw made no such allegation.

Alternatively, his motion might be viewed as either a habeas petition under section 28 U.S.C. § 2241 or a motion to correct his sentence filed under 28 U.S.C. § 2255. Mr. Shaw appears to challenge both the delegation of responsibility to the BOP to set his restitution on the prior restitution order, and the execution of his restitution sentence. In *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002), the Eighth Circuit explained the difference between restitution claims involving delegation, which it held should be filed under § 2255, and execution claims, which it indicated should be filed under § 2241:

> A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court. Because [a petitioner's] claim . . . that the sentence imposed was an unconstitutional delegation of power [to the BOP to set payments on restitution] attacks the validity of the sentence, we agree with the district court that this claim must be brought through a § 2255 claim in [his] sentencing district. The remaining claims of the petitioners challenge the . . . payment schedule for their respective financial obligations. These claims concern the execution of sentence, and are therefore correctly framed as § 2241 claims brought in the district where the sentence is being carried out.

*Matheny*, 307 F.3d at 711-12 (citations and footnote omitted).

We note that some courts have held, contrary to the approach taken in *Matheny*, that neither § 2241 nor § 2255 can be used to attack a restitution order, reasoning that these remedies can only be used to seek release from, or attack the duration of, custody. *See, e.g., Arnaiz v. Warden, Fed. Satellite Low*, 594 F.3d 1326, 1328-30 (11th Cir. 2010) (per curiam). The use of § 2241 and/or § 2255 to attack a restitution order appears to be an unsettled question in this circuit, but it is not one that we need to resolve here.[1] Simply put, even if a remedy is available under either § 2241 or § 2255, it is not available in the District of Kansas.

Assuming the approach taken in *Matheny* is correct, if Mr. Shaw intended to file a challenge to the delegation to the BOP of responsibility for setting restitution payments, he should have filed it as a § 2255 motion. Such a motion should have been filed in either the District of Alaska or the Western District of Missouri, because that is where the challenged sentence of restitution was issued. If he intended to file a § 2241 habeas, challenging the execution of his restitution sentence, he should have filed it where he was (and still is) incarcerated, in Pekin, Illinois, in the Central District of Illinois. *See Licon v. Ledezma*, 638 F.3d 1303, 1311 (10th Cir. 2011) (discussing proper

---

[1] In *United States v. Pogue*, 865 F.2d 226 (10th Cir. 1989) (per curiam), this court considered an appeal from a challenge to a restitution order brought under § 2255, but we did not address the jurisdictional basis for using § 2255 in this way.

jurisdiction for § 2241 and § 2255 challenges).  Most importantly, under either theory, the district court in Kansas lacked jurisdiction to hear his claims.

## CONCLUSION

The district court lacked jurisdiction to rule on the merits of Mr. Shaw's Motion to Correct Restitution.  We therefore vacate the district court's order denying the motion, and remand with instructions to dismiss the motion, without prejudice to his re-filing it in the appropriate jurisdiction.[2]

Entered for the Court
Per Curiam

---

[2]    We have mentioned the possibility that Mr. Shaw's pleading should have been filed as a § 2255 motion.  To obtain appellate review of the denial of such a motion, Mr. Shaw would ordinarily require a certificate of appealability (COA).  *See* 28 U.S.C. § 2253(c)(1)(B).  He would not be required to obtain a COA to receive review of a § 2241 claim, however.  *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000).  Out of an abundance of caution, we grant him a COA to the extent required to obtain remand for dismissal of his motion, to the extent it should be construed as a § 2255 motion.